STATE EX REL. SPALDING v. BENTON, DISTRICT JUDGE.

[Submitted February 14, 1892.   Decided March 28, 1892.]

PROBATE LAW— *Administration— Jurisdiction.*—The administration of the estate of a decedent is not a subject of concurrent jurisdiction by the courts of different counties which constitute separate and distinct judicial districts.

SAME— *Writ of prohibition to restrain probate proceedings.* — A writ of prohibition will not lie to arrest the proceedings of an inferior court in the administration of an estate, unless it clearly appears that such proceedings are without, or in excess of, the jurisdiction of such inferior court.

SAME— *Same— Remedy by appeal.*— Petition for the administration of a decedent's estate was made to the court of the county in which he died and left property, and thereafter a similar petition was made to the court of another county where he also left property, and which latter court appointed an administrator. The court of the county of decedent's death, disregarding the prior appointment of an administrator by the court of such other county, which fact was properly presented to it at the time of the hearing of the petition, also appointed an administrator. The administrator first appointed applied to this court for a writ of prohibition to restrain the court of the latter county from

exercising jurisdiction over decedent's estate. The evidence upon which the orders of the several courts were made in determining the jurisdictional fact of decedent's residence at the time of his death was not before this court on the application for the writ. *Held,* not a proper case for the issuance of a writ of prohibition, in that: (1) It was not apparent from the record that the court of the county of decedent's death was without jurisdiction to grant administration; and (2) the parties aggrieved by the appointment of the last administrator had an adequate remedy by appeal. (DE WITT, J., dissenting.)

Original proceeding. Application for peremptory writ of prohibition.

*McConnell, Clayberg & Gunn,* for Petitioner.

By the Constitution of this State probate jurisdiction is conferred upon the District Courts, and this jurisdiction is no longer limited and special in character; and hence all the rules applicable to judgments as to their validity and unimpeachable character, which apply to courts of general jurisdiction, apply equally in matters of probate before the District Courts. The proceeding to appoint an administrator is a proceeding *in rem,* and when the petition is filed and notice is given all the world become parties to the proceeding, and are bound by the judgment. (*Holmes* v. *Oregon & Cal. R. R. Co.* 9 Fed. Rep. 236; Freeman on Judgments, § 608; 2 Black on Judgments, 808.) The venue for the appointment of an administrator is provided by sections 6 and 7 of the Probate Practice Act; and this venue, or place of jurisdiction, is fixed first in the county of which the decedent was a resident at the time of his death, in whatever place he may have died. This is not a case of concurrent jurisdiction, but the jurisdiction is absolute and limited to the county, and there only, in which the decedent resided at the time of his death. It is further provided in section 6, that if the decedent is a non-resident, and dies in a county in this State, and leaves an estate therein, the administration shall be in said county. It is further provided, if the decedent die out of this State and was a non-resident of this State, then the administration shall be in the county in which any part of the estate may be at the time of his death. Under this provision of the statute, if there should be estate of the decedent found in more than one county, then the jurisdiction might be in more than one county, and this would present a case of concur-

rent jurisdiction; and any conflict in a case of this sort is provided for in section 7, by the provision therein that the Probate Court of the county in which application is *first* made shall have exclusive jurisdiction.

It is further provided in subsection 4 of section 6, that the jurisdiction shall be in the county in which any part of the estate may be, the decedent being a non-resident, and no estate being found in the county where he died. This also presents a case of concurrent jurisdiction, as there may be estate found in more than one county; and the contingency of a conflict of jurisdiction in this case is provided for by section 7, just as we have seen above. And then, as if to cover the entire ground not covered by section 7, it is provided in the fifth subdivision of section 5, that in all other cases, jurisdiction shall be in the county where application for letters is first made. All these provisions do not embrace, but exclude the provisions of the first subdivision of section 6. This subsection is the one applicable to this case. How can it be argued, then, that in this case jurisdiction shall inure exclusively to the court in which proceedings are first instituted, when there is no such provision in the statute, and when all the provisions of the statute upon this point are made expressly to apply, and only to apply to cases where there may be concurrent jurisdiction? Where there is concurrent jurisdiction in more than one court of the same subject-matter, the court which first takes cognizance of the case will be held to have the exclusive jurisdiction. The case, then, in which preference is given to the one in which proceedings are first instituted is limited not only by the common law, but in probate matters by the very express letter of the statute to cases where the jurisdiction is concurrent. The order appointing relator administrator. recites the finding by the court of the jurisdictional facts, and that the decedent resided in Lewis and Clarke County. This order could not be attacked collaterally. (*Holmes* v. *Oregon & Cal. R. R. Co.* 9 Fed. Rep. 236; *Irwin* v. *Scriber,* 18 Cal. 506; *Fisher* v. *Bassett,* 9 Leigh, 131; *Giddings* v. *Steele,* 28 Tex. 733; 91 Am. Dec. 336; *Andrews* v. *Avery,* 14 Gratt. 229; 73 Am. Dec. 355; *Griffith* v. *Frazier,* 8 Cranch, 24; *Haynes* v. *Meeks,* 20 Cal. 311; *Ryno* v. *Ryno,* 27 N. J. Eq. 525; Croswell's Executors, § 48; 2 Lawson's

Rights, Remedies, and Practice, p. 1622.)    The filing of the petition does not confer jurisdiction, but it is the finding of the jurisdictional facts that gives jurisdiction.    This proposition does not require the citation of authorities.    There can be but one administration upon an estate in the same State, and since the jurisdiction is once attached, remains until final completion ; the court first exercising jurisdiction will retain it to the exclusion of every other court of the State.    (1 Wœrner's Am. Law of Administration, § 204; *People* v. *White*, 11 Ill. 341; *Watkins* v. *Adams*, 32 Miss. 333; *Ex parte Lyons*, 2 Leigh, 761; *Ramey* v. *Green*, 18 Ala. 774; *Pawling* v. *Speed*, 5 Mon. 580; *Seymour* v. *Seymour*, 4 Johns. Ch. 409; *Estate of Scott*, 15 Cal. 220; *Gregory* v. *Ellis*, 82 N. C. 225; *Slinger* v. *Calverly*, 72 Wis. 22.)    It thus follows that defendant acted without jurisdiction in appointing an administrator, and that the order made by him is void.    If, however, it were true that the District Court of the Eighth Judicial District and the District Court of the First Judicial District have concurrent jurisdiction to entertain petition for letters of administration, then the general rule, as to the pendency of two action between the same parties and involving the same subject-matter in courts of concurrent jurisdiction, would control.    Where two actions are pending at the same time, and the pendency of the action first commenced is not pleaded in abatement or otherwise in the second action, and judgment is obtained in the second action, it is a bar to the action first commenced.    (1 Hermann on Estoppel, 126 ; 2 Black on Judgments, 791; *Morton* v. *Sweetser*, 12 Allen, 134; *Smith* v. *Lathrop*, 44 Pa. St. 326 ; 84 Am. Dec. 448.)   That the writ of prohibition is the proper remedy see the following authorities:  High on Extraordinary Legal Remedies, § 17 ; *State ex rel. Root* v. *McHatton*, 10 Mont. 370; *North Bloomfield G. M. Co.* v. *Keyser*, 58 Cal. 324; *Babcock* v. *Goodrich*, 47 Cal. 507 ; *Fremont* v. *Crippen*, 10 Cal. 215; *Havemeyer* v. *Superior Court*, 84 Cal. 395; 18 Am. St. Rep. 192; *United States* v. *Shanks*, 15 Minn. 369; *Quimbo Appo* v. *People*, 20 N. Y. 540; *Careaga* v. *Fernald*, 66 Cal. 351; *Yearin* v. *Speers*, 4 Utah, 385; *Porter Township* v. *Jersey Shore*, 82 Pa. St. 275.)

*Douglas Martin*, and *Leslie & Downing*, for Respondent.

BLAKE, C. J. — This is an application to the court, upon the relation of William S. Spalding, for a peremptory writ of prohibition to command the judge of the District Court of the Eighth Judicial District of the State to desist and refrain from any further proceedings in the matter of the administration of the estate of Frederick S. Fish, deceased. The following facts are recited in the affidavit and exhibits which have been filed: Said Fish died intestate November 3, 1891, in the county of Cascade, in this State, and left property in said county, and also in the county of Lewis and Clarke. His heirs at law are two sisters, Sarah E. Spalding, a resident of the county of Lewis and Clarke, and Louisa M. Curtis, a resident of the State of Ohio. Samuel R. Dean was the public administrator of the county of Cascade during the times which are mentioned in the papers, and filed, November 11, 1891, in the District Court of that county a petition for letters of administration upon said estate. Two days thereafter Sarah E. Spalding filed in the District Court of said county of Lewis and Clarke her petition that letters of administration upon said estate be issued to William S. Spalding, her husband. William S. Spalding filed at the same time his petition for letters of administration upon said estate. A notice was given November 11, 1891, by the clerk of the District Court of Cascade County, that a hearing of the petition of Dean was set for the twenty-first day of November, 1891. A notice was also given November 13, 1891, by the clerk of the District Court of Lewis and Clarke County, that a hearing of the petitions of Sarah E. Spalding and William S. Spalding was set for the twenty-fifth day of November, 1891. Prior to November 21, 1891, Sarah E. Spalding filed her objections, in writing, in the District Court of Cascade County, to the appointment of Dean as the administrator of the estate, and assigned these grounds therefor: —

"1. That the claim of Dean, as the public administrator, in the premises was subsequent to her right, and that of her appointee, the said William S. Spalding.

"2. That this court has no jurisdiction to grant letters of administration to said Samuel R. Dean, as public administrator, because the time fixed by section 55 of the second di-

vision of the Compiled Statutes of Montana for the issuance of letters to the public administrators has not expired.

"3. Because this objector, and her appointee, William S. Spalding, had made application for letters of administration upon the estate of Frederick S. Fish, deceased, as shown by their petition, the order of the court fixing the day for the hearing of said petition, and the notice given of said hearing, certified copies of all of which are hereto attached and made a part hereof.

"4. Because said Frederick S. Fish, deceased, is, and was at the time of his death, a resident of Lewis and Clarke County, Montana, and left both real and personal property situate therein. Wherefore, and for the foregoing reasons, this objector, Sarah E. Spalding, prays that the petition and application of said Samuel R. Dean for letters of administration upon the estate of Frederick S. Fish, deceased, be dismissed and denied."

While these matters were pending, the judge of the District Court of Cascade County, upon the application of Sarah E. Spalding, made an order continuing the hearing of the petition of Dean until the twenty-eighth day of November, 1891. The District Court of the county of Lewis and Clarke, at the hearing of the petitions of Sarah E. Spalding and William S. Spalding, made an order appointing William S. Spalding the administrator of the estate. Afterwards, Sarah E. Spalding filed in the District Court of Cascade County supplemental objections to the petition of Dean for letters of administration upon the estate, and alleged: —

"1. That the above entitled court has no jurisdiction or power to grant letters to Samuel R. Dean, for the reason that the District Court of the First Judicial District of the State of Montana, in and for the county of Lewis and Clarke, has by its judgment determined that Frederick S. Fish, deceased, was a resident of Lewis and Clarke County at the time of his death, and has further, by its judgment, appointed W. S. Spalding as administrator of the estate of said Frederick S. Fish, deceased, a certified copy of which is hereto annexed and made a part of this petition.

"2. And the objector, Sarah E. Spalding, hereby presents

said order and judgment, a certified copy of which is hereto attached, as an objection to the appointment of Samuel R. Dean as the administrator of said estate of Frederick S. Fish, deceased. Wherefore, your petitioner prays that the application and petition of said Samuel R. Dean for letters of administration upon the estate of Frederick S. Fish, deceased, be dismissed."

The objections were overruled, and the District Court of Cascade County made an order November 28, 1891, for the appointment of said Dean as such administrator. A motion was filed in said court for an order requiring Dean to account for, pay, and deliver the property belonging to said estate which was in his hands, or under his control, to William S. Spalding, as such administrator. This motion was overruled without prejudice to the right of William S. Spalding to make another application of like character.

It appears from the inventory and appraisement, which were filed in the District Court of Cascade County, that said Fish left therein personal property of the value of $2,100.50. The District Court of Cascade County has made an order directing the sale of this property, and Dean, as the administrator of said estate, has published notices that he will sell a certain portion thereof on the sixth day of February, 1892. It is alleged in the affidavit that the District Court of Cascade County will, unless a writ of prohibition be issued, continue to do and perform all judicial acts in the administration of the estate.

In the order for the appointment of Dean as such administrator, it is adjudged and decreed that said Fish "was a resident of the county of Cascade, State of Montana, at the time of his death; and that he left estate in the said county of Cascade, and within the jurisdiction of this court." The order appointing said Spalding to be such administrator also adjudges and decrees that said Fish "was a resident of Lewis and Clarke County at the time of his death; and that he left estate in the said county of Lewis and Clarke, and within the jurisdiction of this court."

The counsel for the respondent has moved to quash the writ for the following reasons: That the relator has a plain, speedy, and adequate remedy by appeal; that no appeal has been taken

from the order appointing Dean to be the administrator; that the want of jurisdiction has not been pleaded in the District Court of the Eighth Judicial District; and that no cause of action has been stated.

The Code of Civil Procedure declares that the writ of prohibition "arrests the proceedings of any tribunal . . . . when such proceedings are without or in excess of the jurisdiction of such tribunal. . . . ." (§ 579.) This writ "may be issued by any court . . . . to an inferior tribunal . . . . in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." (§ 580.) Are the foregoing proceedings of the District Court of Cascade County or without in excess of its jurisdiction? It will be observed upon an examination of the records that there is a conflict in the orders of the respective courts concerning the jurisdictional fact of the residence of Fish, at the time of his death. The evidence which was submitted to both tribunals, and upon which the jurisdiction to appoint an administrator is founded, is not before us, and we are unable to decide this fundamental proposition. The administration of the estate of Fish was within the jurisdiction of one District Court only, and could not be lawfully administered under the supervision of those two tribunals for the counties of Cascade and Lewis and Clarke, which constitute separate and distinct judicial districts. This is not a subject of concurrent jurisdiction of the District Courts of those counties.

Our statute and the authorities concur respecting the use and extent of this writ. Mr. Justice Gray, in *Smith* v. *Whitney*, 116 U. S. 167, said: "A writ of prohibition is never to be issued unless it clearly appears that the inferior court is about to exceed its jurisdiction. It cannot be made to serve the purpose of a writ of error or *certiorari* to correct mistakes of that court in deciding any question of law or fact within its jurisdiction. . . . . It is often said that the granting or refusing of a writ of prohibition is discretionary, and therefore not the subject of a writ of error. That may be true, where there is another legal remedy, by appeal or otherwise, or where the question of the jurisdiction of the court whose action is sought to be prohibited is doubtful, or depends on facts which are not made matter of record, or where a stranger, as he may in Eng-

land, applies for the writ of prohibition." Chief Justice Shaw, in *Washburn* v. *Phillips,* 2 Met. 299, said: "Unless it appears upon the face of the proceedings that the court had no jurisdiction of any part of the subject-matter of these charges, it is not a case for a prohibition." Mr. Shortt, in his treatise on Extraordinary Remedies, says: "If the existence or non-existence of jurisdiction depends on contested facts which the inferior tribunal is competent to inquire into and determine, a prohibition will not be granted, though the Superior Court should be of opinion that the questions of fact have been wrongly determined by the court below, and, if rightly determined, would have ousted the jurisdiction. . . . . And if, upon the record stating the facts, it be admitted that the judge below has wrongly decided on the fact on which his jurisdiction depends, so that the high court can see undoubtedly that he had not jurisdiction, a prohibition will be granted." (See, also, 3 Blackst. Com. 112; High on Extraordinary Remedies [2d ed.], §§ 771, 772, and cases cited.)

We have already asserted that we cannot say, from an inspection of the record, that the District Court for the county of Cascade has proceeded to act without or in excess of its jurisdiction. It is the contention of the applicant that the District Court for the county of Lewis and Clarke has the exclusive jurisdiction of the administration of this estate, because the order for the appointment of Spalding was made prior to that appointing Dean, and that this fact was properly presented before the District Court for the county of Cascade, and disregarded. It is maintained, on the other hand, that Fish died within the county of Cascade, and that the first petition for letters of administration was filed in the District Court thereof, and jurisdiction of the matter was thereby acquired. Can any of these propositions be upheld? The applicant relies upon the case of *Holmes* v. *Oregon etc. R. R. Co.* 7 Sawy. 380; 9 Fed. Rep. 229. Judge Sawyer, among other things, said: "The appointment of an administrator of an estate, while there is already a legal administrator, is void. The title to all the estate having already vested in the existing administrator for the purposes of administration, there is no estate in existence which can vest in the second appointee by virtue of his appointment.

There is no subject-matter upon which he can act." The
learned judge further said: "In this case, in my judgment,
the County Court of Multnomah County had jurisdiction, upon
the petition filed, to hear evidence, and inquire into, determine,
and adjudge the fact of inhabitancy of Perkins at or immediately
before his death; and having made the inquiry, and determined
and adjudged the fact, the judgment is 'conclusive on all the
world,' and 'puts an end to the inquiry concerning the fact by
deciding it.' The petition for the appointment of an adminis-
trator, and the proceedings thereon, are in the nature of proceed-
ings *in rem.* 'All the world was a party' to the proceedings,
and, consequently, all the world is estopped by the adjudi-
cation thereon. (*Grignon's Lessee* v. *Astor,* 2 How. 338.)"

Some of the circumstances which appear in *Holmes* v. *Oregon
etc. R. R. Co. supra,* should be remembered. One Perkins was
drowned November 16, 1878, and upon a petition, which was
regular in form, one Davis was appointed December 16, 1878,
the administrator of the estate of the deceased person, by the
County Court of Multnomah County, and this order was never
revoked. Davis, as such administrator, commenced January
2, 1879, an action to recover damages on account of the death
of Perkins, which is alleged to have been caused by the negli-
gence of the company. A final judgment for the company was
entered March 31, 1879, and affirmed August 11, 1879, by
the Supreme Court of the State of Oregon. Afterwards, one
Holmes was appointed September 17, 1879, the administrator
of the estate of said Perkins, by the County Court of Jackson
County. An action was then brought by Holmes, as such ad-
ministrator, in the Circuit Court of the United States, for the
same cause, and judgment was entered against the company for
the sum of $4,900. It was therein adjudged that Holmes was
not entitled to carry on this litigation, and that the appoint-
ment of Davis to be the administrator was valid. The case
does not enlighten us respecting this inquiry, and the general
observations of Judge Sawyer are inapplicable to the facts
before us. There is not an intimation in his opinion that the
County Court of Multnomah County was rightfully in the exer-
cise of the jurisdiction of the estate of said Perkins, by reason
of the prior appointment of Davis as the administrator.

It is a familiar rule in both civil and criminal cases, that the tribunal which first acquires jurisdiction retains it to the exclusion of another court, which might have acted if its process had been invoked. (*Taylor* v. *Taintor*, 16 Wall. 366; Bishop's Statutory Crimes, § 164; Brown, Jur. § 95; *Withers* v. *Denmead*, 22 Md. 135; *Miller* v. *County Commrs.* 119 Mass. 485; *Mason* v. *Piggott*, 11 Ill. 85; *Sharon* v. *Sharon*, 84 Cal. 424.) The District Court for Cascade County first obtained jurisdiction by the filing of the petition of Dean, but this fact does not determine the chief question which is involved on this application. Was said Fish, at the time of his death, a resident of the county of Cascade, or the county of Lewis and Clarke?

The main proposition upon which the applicant builds his argument does not appear to be supported by the authorities. In *Roderigas* v. *East River Sav. Inst.* 63 N. Y. 463; 20 Am. Rep. 555, Judge Earl, for the court, said: "Surrogates' courts are courts of limited and special jurisdiction, and yet their jurisdiction to grant administration upon the estates of deceased persons is general and exclusive. No other courts can act and discharge the same functions. Before their proceedings can have any validity or confer any authority, they must have jurisdiction to act, and this is true of all courts. No court, no matter how general its jurisdiction may be, which proceeds without jurisdiction in the particular case, can make a valid record or confer any rights."

Mr. Black, in his treatise on Judgments, writes: "In most, if not all of the States, it is now a well-settled rule that the judgments or orders of the Probate Court, when acting within the scope of its peculiar jurisdiction, are final and conclusive upon the parties and privies (and when the adjudication is *in rem*, then upon all persons) until reversed or set aside by some appropriate proceeding, and not open to collateral attack or re-examination in the same or any other court." (Vol. 2, § 633, and cases cited.) We are asked by the applicant to enforce these principles by holding that the order made by the District Court of the First Judicial District for the appointment of Spalding as such administrator could not be inquired into by the District Court of the Eighth Judicial District, which was thereby ousted of its jurisdiction in the matter. The learned

author adds these words, which state clearly the law upon this subject: "But it must always be remembered that in order to the conclusiveness of a probate decree—as in the case of a sentence emanating from any other tribunal—it is absolutely necessary that the court should have possessed jurisdiction. There must be jurisdiction of the subject-matter of the proceeding."

In *Beckett* v. *Selover*, 7 Cal. 236; 68 Am. Dec. 237, Mr. Justice Heydenfeldt, for the court, said: "The law is compelled to adopt some rule for determining when this grant shall be made; and, as the deceased could not have been a resident of two or more counties at the same time, the law makes his residence at the time of his death the test by which to determine the place where the grant should be made. . . . . When, therefore, the death has occurred, and the Probate Court of the proper county gives proper notice, the heirs and creditors are bound to know the proceedings. But both parties interested are not bound to know anything of the proceedings of a court that has no jurisdiction, because the facts giving jurisdiction do not exist. The persons interested cannot be required to watch the proceedings of all the Probate Courts of the State at all times."

In *Fisher* v. *Bassett*, 9 Leigh, 134; 33 Am. Dec. 227, President Tucker said: "Now, I think the principles of law and the reason and convenience of the thing, all conspire to prove that the court of general jurisdiction, upon application for administration, is not concluded by a grant of administration by a court having no jurisdiction. For it is a universal rule that no man's right of action (and such is an application for administration) can be barred or impeded by a proceeding to which he is not a party. And if the general court could not grant administration to the person really entitled to it, because the Hustings' Court, without jurisdiction, had granted it to another, the party entitled would be barred and precluded of his rights by a sentence which he had no opportunity of contesting. . . . . But where one of the courts has jurisdiction and the other has not, there can be no reason to doubt that that which is granted by the court having jurisdiction is valid, and that which emanates from the court having no jurisdiction is, as to the former, a nullity. So, although the latter is first

granted, yet, upon application to the proper jurisdiction, that jurisdiction must treat as a nullity the intrusion of a tribunal having no jurisdiction."

In *Sharon* v. *Sharon, supra,* Mr. Justice Fox, as the organ of the court, said : "The record shows that the Circuit Court of the United States (the court in which such action was brought) acquired jurisdiction of the persons and subject-matter before the commencement of this action. Consequently, no matter when its judgment was rendered, whether before or after the date of the judgment of any other tribunal subsequently acquiring jurisdiction over the same persons and subject-matter, the final judgment in that case became binding and conclusive, as to that subject-matter, upon all persons and upon all other courts and tribunals whatsoever." (See, also, the cases therein cited.) We have referred to this opinion, which is not directly in point, to show that in cases of concurrent jurisdiction the date of the rendition of the judgment is immaterial.

It is not apparent upon the record that the District Court of the Eighth Judicial District is without jurisdiction, and we are therefore of opinion that it is not a proper case for the issuance of a writ of prohibition.

We can sustain our action upon the ground that the parties who were aggrieved by the appointment of Dean as the administrator of the estate of Fish had an adequate remedy by an appeal to this court. Mr. and Mrs. Spalding had notice of the filing of the petition of Dean for letters of administration; they filed subsequently their petitions, in relation to these letters, in the District Court of the county of Lewis and Clarke; they appeared before the District Court of Cascade County, and filed their objections to the granting of the petition of Dean, and procured a postponement of the hearing therein; in compliance with their requests the letters of administration were issued to William S. Spalding; they appeared again before the District Court for the county of Cascade, and filed supplemental objections, and also a transcript of the proceedings in this matter in the District Court of the county of Lewis and Clarke; afterwards the order appointing Dean to be such administrator was made. We reiterate that the errors of the District Court of the Eighth Judicial District in these proceedings could have been

corrected by resorting to the statutory remedies. (Code Civ. Proc. § 580, *supra; Walcott* v. *Wells,* Nev. July 12, 1890, 24 Pac. Rep. 367, and cases cited; *Ex parte Pennsylvania,* 109 U. S. 174; *State* v. *Cory,* 35 Minn. 178.)

It is ordered that the motion be sustained, and that the petition be dismissed.

HARWOOD, J., concurs.

DE WITT, J. (*dissenting*). — This case does not present a conflict between two courts of concurrent jurisdiction, each seeking to obtain jurisdiction over the same subject-matter. The adjudicated cases upon questions of concurrent jurisdiction are not in point.

One court only has jurisdiction to administer upon the estate of Fish, deceased, and that court has exclusive jurisdiction. Under the facts of this case, the court which had jurisdiction was the court of the county in which the deceased was a resident at the time of his death. (Prob. Prac. Act, § 6.)

The opinion of the majority of this court cites authorities to the effect that the writ of prohibition will not lie, unless it appears that the District Court of Cascade County had not jurisdiction to appoint Dean as administrator. To this, of course, I agree.

But had the Cascade County court jurisdiction? Let us take the point of view of that court on the twenty-eighth day of November, 1891. On that day an application was to be heard asking the appointment of Dean as administrator. On that hearing it was shown to that court, by a certified copy of the order, that on November 25, 1891, W. S. Spalding was appointed administrator of the estate by the Lewis and Clarke County court. On November 28, 1891, the Cascade court either had jurisdiction to appoint Dean administrator, or it had not. There was no concurrent jurisdiction between it and the Lewis and Clarke court. The latter court had acted. It had appointed Spalding. Its jurisdiction appointing Spalding of necessity included the jurisdictional fact that the deceased was a resident of Lewis and Clarke County at the time of his death. The Cascade court was met upon the hearing of November 28,

1891, with the judgment of the Lewis and Clarke court appointing Spalding, and thus determining that deceased was a resident of Lewis and Clarke County at the time of his death. This judgment of the Lewis and Clarke court was not attacked. The jurisdiction of that court is not assailed. Therefore, its jurisdiction is admitted; the validity of its judgment is necessarily conceded. If this be true, if one court only had jurisdiction, and if the jurisdiction of the Lewis and Clarke court is thus conceded, as it must be in the premises, what jurisdiction had the Cascade court? Absolutely none, as a matter of course. The court in which the administrator is first appointed, as long as that appointment is not attacked, has jurisdiction to the exclusion of another court, even though the application for appointment was first filed in the other court. Therefore the order of the Cascade court, appointing Dean as administrator, was without jurisdiction, and it was void. This is the view of the adjudicated cases. (See *Holmes* v. *Oregon etc. R. R. Co.* 7 Sawy. 380; 9 Fed. Rep. 229; Freeman on Judgments, § 608; *Irwin* v. *Scriber*, 18 Cal. 500; *Griffith* v. *Frazier*, 8 Cranch, 9; *Haynes* v. *Meeks*, 20 Cal. 288; 2 Black on Judgments, § 808; *Ryno's Ex'r* v. *Ryno's Adm'r*, 27 N. J. Eq. 522; *Oh Chow* v. *Brockway*, Or. Dec. 21, 1891, 28 Pac. Rep. 384; *Giddings* v. *Steele*, 28 Tex. 749; 91 Am. Dec. 336; *Andrew* v. *Avory*, 14 Gratt. 236; 73 Am. Dec. 335; Croswell's Executors, § 48; *People* v. *White*, 11 Ill. 341; *Bolton* v. *Jacks*, 6 Rob. [N. Y.] 166.) Cases holding a contrary view have not been presented to us.

But it is said that relator has a plain, speedy, and adequate remedy by an appeal from the order appointing Dean. We find in 1 Black on Judgments, § 170: "A void judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication. Nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever. It has no effect as a lien upon his property. It does not raise an estoppel against him. . . . . It is not necessary to take any steps to have it reversed, vacated, or set aside. But, whenever it is brought up against the party, he may assail its pretensions

and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral." Such is the judgment of the Cascade County court appointing Dean as administrator. I do not understand that it is necessary to appeal from a void judgment. I am of opinion, under all the circumstances of this case, that an appeal from a void judgment is not a plain, speedy, or adequate remedy.

It is said in the opinion of the majority of this court: "The District Court of Cascade County first obtained jurisdiction by the filing of the petition of Dean." The authorities cited in this connection are all cases of concurrent jurisdiction between two courts, which question, as above remarked, is not the one now before this court; and if it be true that, in case of concurrent jurisdiction between two courts, the one in which proceedings are first commenced is the one that attains jurisdiction, this view is not authority for holding that, in a case between two courts wherein one court only has jurisdiction, the one in which proceedings are first commenced secures that jurisdiction. (See list of cases *supra.*)

Again, it is said by the majority opinion that the chief question involved in this application was whether said Fish was, at the time of his death, a resident of the county of Cascade or the county of Lewis and Clarke. It is again said in that opinion: "The evidence which was submitted to both tribunals, and upon which the jurisdiction to appoint an administrator is founded, is not before us, and we are unable to decide this fundamental proposition." Then, if the court is unable to decide that fundamental proposition, we are thrown back to the judgment of the Lewis and Clarke court, which, being prior to the hearing of the Cascade court, and being unassailed, excluded the Cascade court from jurisdiction, as the authorities which I have above cited hold. And the cases cited in the majority opinion hold, as far as they are applicable, the same view. A careful consideration of those cases convinces me of this, and renders a discussion of them unnecessary, but, for the sake of illustration, I will notice one of them, namely, *Fisher* v. *Bassett,* 9 Leigh, 134; 33 Am. Dec. 227. The opinion in that case says: "Now, I think the principles of law, and the reason and convenience of the thing, all conspire to prove that the court of general

jurisdiction, upon application for administration, is not concluded by a grant of administration by a court having no jurisdiction." That is very true, but, if that case supports the view of my learned associates, then it must be construed that the Cascade court is not concluded by a grant of administration by the Lewis and Clarke court, which had no jurisdiction. Now, if it appears that the Lewis and Clarke court had not jurisdiction, then the case of *Fisher* v. *Bassett* would be applicable; but the authorities are, as above remarked, that the Lewis and Clarke court, having first appointed the administrator, obtained jurisdiction to the exclusion of the Cascade court.

The conclusion of the majority of this court is that "it is not apparent upon the record that the District Court of the Eighth Judicial District is without jurisdiction." But I cannot but entertain the opinion that under the facts as presented, and under the authorities, it does appear that the Cascade court acted without jurisdiction, and that there is no plain, speedy, or adequate remedy by appeal, and that therefore the writ of prohibition should issue.