STATE ex rel. WEINSTEIN CO., Relator, *v.* DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT et al., Respondents.

(No. 1,949.)

(Submitted May 23, 1903. Decided June 29, 1903.)

*Claim and Delivery—Parties— Substitution—Appealable Orders—Certiorari.*

1. In an action in claim and delivery, the court, under Code of Civil Procedure, Section 588, cannot make an order substituting in place of the defendant a claimant of the property, on the application of the defendant who has no control over the property (because of its previous delivery to the sheriff), and no power to deliver it on the court's order.

2. In order that *certiorari* may lie, three requisites are indispensable, namely: excess of jurisdiction; absence of the right of appeal; and lack of any other plain, speedy, and adequate remedy.

3. Under Session Laws 1899, p. 135, amending Code of Civil Procedure, Section 1722, and providing for an appeal from a final judgment, an order substituting a claimant of property, on application of defendant in a claim and delivery action, in lieu of defendant, is not a final determination from which an appeal is allowable.

4. Under Code of Civil Procedure, Section 1742, providing that on appeal from a judgment the court may review any intermediate order or decision excepted to which involves the merits or necessarily affects the judgment, an intermediate order substituting a claimant of property for defendant in a claim and delivery action may be reviewed on appeal from the final judgment, on exception reserved, and hence *certiorari* will not lie to have the order annulled as in excess of jurisdiction.

Original application for *certiorari* by the state, on the relation of the Weinstein Company, to the district court of the First judicial district and Hon. J. M. Clements, a judge thereof, to have an order annulled as in excess of jurisdiction. Dismissed.

*Messrs. Nolan & Loeb,* for Relator.

*Messrs. McConnell & McConnell,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari* to the district court of Lewis and Clarke county. On May 9, 1903, the relator brought an action in that court in claim and delivery against one Thomas Travis to recover the possession of certain dry goods, hardware and jewelry. The complaint is in the ordinary form, alleging title and right of possession in plaintiff. It further alleges "that the defendant became possessed of the said goods and chattels, and wrongfully detains the same from the plaintiff," and has refused to return them to the plaintiff, though demand has been made for them, to the damage of plaintiff in the sum of $100. The prayer is for a return of the property, or for the sum of $300 in case return cannot be had, and for $100 damages. Upon the filing of the complaint, the relator, desiring to have the property delivered to it, made the affidavit required by the statute and delivered the same, with proper indorsement thereon, to the sheriff, accompanied by a good and sufficient undertaking in double the value of the property alleged in the complaint. Thereupon the sheriff took the property from the defendant. On May 13th, after notice to the relator, the plaintiff in the action, and to one

Paul A. Tomcheck, the defendant applied to the court for an order substituting the said Paul A. Tomcheck as defendant in the action in his stead, and discharging him from liability. The application was supported by an affidavit to the effect that the defendant neither had nor claimed an interest in the property, and that the said Tomcheck, without collusion on his part, had also made demand upon him for the property, claiming to be the owner of it. After argument by counsel for relator and the said Travis, counsel for the latter also representing Tomcheck, the court made an order discharging the defendant from liability to either claimant and substituting Tomcheck as defendant in the action. At the time the order was made the property was in the possession of the sheriff, and this fact appeared from the affidavit of Travis. This proceeding was thereupon instituted to have the order annulled as in excess of jurisdiction.

The defendant in this proceeding has interposed a motion to quash the writ, on the grounds that the district court had jurisdiction to make the order, and that the relator has a plain, speedy and adequate remedy by appeal.

1.   Did the district court have jurisdiction to make the order? The application was made under Section 588 of the Code of Civil Procedure, which, so far as applicable to this case, declares:

"Sec. 588. A defendant against whom an action is pending upon a contract, or for specific personal property, may at any time before answer, upon affidavit that a person not a party to the action makes against him, and without any collusion with him, a demand upon such contract, or for such property, upon notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount claimed on the contract, or delivering the property, or its value, to such person as the court may direct; and the court may, in its discretion, make the order. *   *   *"

Whether the order shall be made is lodged in the sound discretion of the court having jurisdiction of the action. To move

this discretion, however, it is indispensably necessary that certain facts exist and are made to appear in the affidavit. These are: (1) That an action is pending and the applicant is the defendant; (2) that the person sought to be substituted is a stranger to the action; (3) that such third person has made a claim upon the defendant for the property or fund in controversy, without collusion with the defendant, which necessarily implies that the defendant has no interest in the property or fund; and (4) that the applicant is able and stands ready to pay into court the amount of the fund or to deliver the property or its value to such person as the court may direct. At the time the application was made it was not in the power of Travis to deliver the property under the order of the court; indeed, the order made is silent as to the disposition of the property for the time being, the court evidently entertaining the view that, as it was in the possession of the sheriff, it was not necessaray to make any order with reference to it. In oider to have the benefit of the statute, Travis should have availed himself of the privilege granted him under Section 849 of the Code of Civil Procedure, and regained possession from the sheriff, thus enabling the court, in making the order, to put the plaintiff in the action and the substituted defendant in the same relative positions in which the plaintiff and he himself were at the beginning of the action. When the order was made, the defendant had no control of the property. It was in the hands of the sheriff, ready to be delivered to the plaintiff in case the option granted by Section 849, *supra*, was not exercised by the defendant. The court could not make any order with reference to a disposition of it; in fact, it had no jurisdiction to make any order with reference to it, nor to control the disposition of it in any way, except to render a final judgment in regard to it at the conclusion of the action. Though the statute grants the right to the order upon a proper showing, the showing made must meet all of its substantial requirements; otherwise, the court has no power to make the order. (*Edgerton* v. *Ross*, 6 Abb. Prac. 190; *Vosburgh* v. *Huntington*, 15 Abb. Prac. 254; *Pelham*

*Hôd Elevating Co.* v. *Baggaley* (City Ct. N. Y.), 12 N. Y. Supp. 219.)  It must follow, therefore, that the order in question here was made in excess of jurisdiction.

2.  Is the order appealable?  If so, or if there is any other adequate remedy, *certiorari* will not lie to review it; for, in order that this remedy may avail, three requisites are indispensable, namely, excess of jurisdiction, absence of the right of appeal, and lack of any other plain, speedy and adequate remedy.  (Section 1941, Code Civ. Proc.; *State ex rel. King* v. *Dist. Court,* 24 Mont. 494, 62 Pac. 820; *State ex rel. White-side* v. *District Court,* 24 Mont. 539, 63 Pac. 395.)

The defendant contends that the order is a final judgment, and is appealable under the provisions of Subdivision 1 of Section 1722, as amended by the Act of 1899 (Sess. Laws 1899, page 146).  This contention rests upon the assumption that it is a final determination of the rights of the parties so far as concerns the relator and Travis.  With this view we do not agree.  The order has none of the essential characteristics of a final judgment.  It is not to be executed by a writ or other process; nor is any act required of any of the parties by the doing of which he will be injured in the meantime, in the sense, at least, that he will be finally deprived of any substantial personal or property right, or suffer an invasion thereof, unless he can prosecute an appeal directly from the order itself.  From this point of view it does not fall within the principle of the case of *State ex rel. Heinze* v. *District Court,* 28 Mont. 227, 72 Pac. 613, but is merely an interlocutory or intermediate order, and falls within the class of orders which may be reviewed upon appeal from the final judgment in the case, upon exception reserved, under Section 1742 of the Code of Civil Procedure; otherwise, this and all similar orders, incidentally determinative of some right of a party to an action, must be held to be final judgments, within the definition of that term as laid down in Section 1000 of the Code of Civil Procedure.  Therefore no direct appeal lies under Section 1722, *supra.*

It remains to inquire whether there is any other adequate remedy. In our judgment there is. In case it turns out upon final judgment that the plaintiff has suffered a prejudice, or has been aggrieved by a failure to obtain all his rights in the premises, he may appeal from the final judgment, whereupon this court, having the order before it upon exception, may review it under Section 1742, *supra*. For the time being the result is, perhaps, inconvenience and delay, but not more than may be the result of any other intermediate order made during the progress of any case before a trial is finally reached on the merits. Nor does this case fall within the exception recognized by this court in *State ex rel. A. C. M. Co.* v. *Dist. Court,* 26 Mont. 396, 68 Pac. 570, 69 Pac. 103, *State ex rel. B. & M. C. C. & S. M. Co.* v. *Dist. Court,* 27 Mont. 441. 71 Pac. 602, and similar cases, in which interlocutory orders have been annulled by the writ of *certiorari.* In this class of cases, though the particular order may be reviewed upon appeal from the final judgment, such review is inadequate, for the reason that all the injury which the complaining party may suffer will have been done long before review can be reached upon appeal from the final judgment.

It follows that, though the order was in excess of jurisdiction, the remedy by appeal from the final judgment is inadequate, and the writ should have been denied. The writ is therefore quashed, and the proceeding dismissed.

*Dismissed.*