STATE EX REL. PRATO ET AL., RELATORS, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 4,372.)

(Submitted March 1, 1919. Decided March 15, 1919.)

[179 Pac. 497.]

*Intoxicating Liquors—Seizure — Condemnation — Court Proce-
dure—Jurisdiction—Appeal—Certiorari.*

Intoxicating Liquors—Seizure—Destruction—District Courts—Jurisdiction.
1. By sections 7 and 8 of Chapter 143, Laws of 1917, jurisdiction
is conferred upon the district court to entertain and determine the pro-
ceeding provided for in the Act incident to the seizure, forfeiture,
sale or destruction of contraband liquors.

Same—Seizure—Destruction—District Courts—Nature of Proceeding.
2. The proceeding above, though properly prosecuted in the name of
the state, is not criminal in character, but must be regarded as one
*in rem* against the liquors and other articles seized, instituted for their
condemnation as forfeited property, the complaint being in the nature
of a libel.

Same.
3. Where, after seizure of contraband liquors, the owner appears and
makes claim to them, a trial must be had in the district court of the
questions of title and whether or not the liquors were being kept or
used by the claimant with the intention of violating the prohibition
law.

Same—Final Judgment—Appeal.
4. The trial of the questions of ownership and the purpose for which
seized liquors were being kept by the claimant, is one *inter partes*, and
results in a final judgment affecting the rights of the state and the
claimant, from which, under section 7098, Revised Codes, either party
may appeal.

Same—District Court—Appeal—*Certiorari.*
5. Since *certiorari* does not lie where the complaining party has an
appeal from a final judgment which may be entered in the action or
proceeding, *held* that the writ does not run to annul an order of the
district court overruling a demurrer to a complaint filed under Chapter
143, Laws 1917, charging defendants with keeping liquors unlawfully,
and an order denying them a trial by jury, their remedy being by
appeal from the final judgment.

[As to questions reviewable on *certiorari,* see note in 40 **Am. St.
Rep.** 29.]

Same—*Certiorari*—When Writ Does not Lie.
6. Erroneous rulings of the district court in first determining the
sufficiency of the complaint and thereafter passing upon the question
of defendants' right to a jury trial made during the course of the
proceeding referred to above, did not deprive it of jurisdiction, so as
to render them reviewable on writ of *certiorari.*

Original application by the State, on the relation of Jim
Prato and Anton Giacomo, for *certiorari* to the District Court

of Silver Bow County, and J. J. Lynch, a judge thereof, to annul certain orders made in a proceeding brought under Chapter 143, Laws of 1917.  Proceeding dismissed.

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Relators, submitted a brief; *Mr. Wagner* argued the cause orally.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assistant Attorney General, and *Mr. Jos. R. Jackson, Mr. N. A. Robering; Mr. Frank L. Riley* and *Mr. A. C. McDaniel* for Respondents, submitted a brief; *Mr. Woody* and *Mr. McDaniel* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On February 5 of this year, one Frank L. Riley filed a complaint in the district court of Silver Bow county charging that he had probable cause to believe, and did believe, that on January 30 intoxicating liquors had been and still were kept and deposited by Jim Prato and Anton Giacomo in a building situate on the north side of Daly Street, known as and called The American House, in the city of Walkerville, Silver Bow county, and that such intoxicating liquors had been and then were intended by the defendants to be sold, exchanged, given away, bartered or otherwise disposed of in violation of the laws of the state of Montana.  Thereupon there was issued by the court a search-warrant directed to any peace officer of Silver Bow county, and commanding him, together with the necessary and proper assistants, to thoroughly search the premises described in the complaint, and, if any intoxicating liquors were found therein, to seize the same together with the vessels containing them, and all implements, furniture, fixtures and other articles used in connection therewith, and to keep them safely and securely until final action thereon.  The officer was also directed to serve the warrant and return the same to the court with his return indorsed thereon.  On February 7 return was made by John F. Melia, a peace officer of Silver Bow county,

showing that he had found and taken into his possession a large quantity of intoxicating liquors and had them in his possession. On the same day the court made and entered an order fixing February 19 at 10 o'clock A. M. as the time for hearing upon the return to determine whether the liquors, *etc.*, were being used or in any manner kept or possessed by any person with the intention of violating the laws of Montana relating to intoxicating liquors, when and where any person claiming any interest in them or in any part thereof, might appear and show cause, if any he had, why the same should not be adjudged forfeited according to law. On February 19, C. S. Wagner, Esq., appeared for the defendants and filed a demurrer to the complaint, the grounds of which were that the court had no jurisdiction of the persons of the defendants or of the subject of the action, that the complaint did not state facts sufficient to constitute a cause of action, and that the complaint did not state facts sufficient to constitute a public offense. The demurrer was overruled. Mr. Wagner thereupon filed a verified answer for the defendants which put in issue all the allegations of the complaint and alleged affirmatively that at all the times mentioned in the complaint, the defendants were the lawful owners and holders of the liquors, and that such liquors were wrongfully and unlawfully seized and removed from the premises of the defendants; that the defendants for a long time prior to December 31, 1918, had been duly and regularly licensed to carry on the business of retail liquor dealers at the place known as and called The American House described in the complaint, and until that date had lawfully carried on therein the business of retail liquor dealers; that they had lawfully purchased the liquors so seized, for the purpose of selling and disposing of them in the ordinary course of business; that these liquors consisted of and constituted the unsold portion of their stock in trade, all of which had theretofore been lawfully purchased and acquired as aforesaid; that on the thirty-first day of December, 1918, they dismantled their place of business and had removed therefrom all intoxicating liquors therein contained, and de-

posited the same in a cellar or vault upon the said premises in the rear of their place of business and securely locked the approaches to the same, so that they were securely kept from thence until the time they were seized; that the defendants each for himself averred that he had not sold, exchanged, given away, bartered or disposed of any of the liquors or compounds thereof capable of being used as a beverage, in the state of Montana or elsewhere; that he had not in any other respect violated the laws relating to the sale of intoxicating liquors; that defendants at all times since December 31 were lawfully occupying the premises described in the complaint, and that they had not jointly or severally or otherwise made, sold, exchanged, given away, bartered or otherwise disposed of any portion of said liquors contrary to law, and that no part thereof so seized had ever been used in any manner, or kept or possessed by the defendants, or any other person or persons or at all, with the intention of violating any of the provisions of the laws of Montana. At the same time the defendants made written demand for a jury trial. This demand was by the court denied. Thereupon the hearing upon the return was set for March 1.

On February 21 an application was made to this court for a writ of *certiorari* to annul the order of the court overruling the demurrer and also the order denying the defendants' motion for a trial by jury. At the hearing the attorney general in response to the writ, presented a certified copy of the proceedings and filed a motion to quash the writ and dismiss the proceeding on the grounds that the district court had jurisdiction to make the orders, and that relators have a plain, speedy and adequate remedy by appeal. The motion must be sustained.

The proceeding was instituted under the provisions of Chapter 143, Laws of 1917 (Laws 1917, p. 239) commonly [1] known as the Enforcement Act. Section 7 of that Act authorizes any district court on application by sworn complaint by any person, from which it appears that there is probable cause to believe that intoxicating liquor is being sold, exchanged,

given away, bartered or otherwise disposed of, or kept contrary to law, to issue a warrant directed to any peace officer of the county ordering him to search the premises described in the complaint, and to seize all intoxicating liquors there found, together with the vessels in which they are contained, and all implements, furniture, fixtures and other articles used or kept for the sale, barter, giving away or otherwise disposing of such liquors, and to safely keep the same and make return thereof within three days showing all acts and things done by him, with a particular statement of all liquors, *etc.*, and other articles seized, and the name of the person or persons in whose possession the same were found. The person or persons found in possession of such liquors must be served with a copy of the warrant.

Section 8 provides that when the warrant is returned the court shall fix a time, not less than ten nor more than twenty days thereafter, for the hearing upon the return. The court is authorized to hear and determine whether or not the liquors or other articles so seized, or any part thereof, were used or in any manner kept or possessed by any person with the intention of violating any of the provisions of the law relating to intoxicating liquors. At the hearing any person claiming an interest in the property seized may appear and be heard upon filing a verified claim setting forth in particular the character and extent of his interest. The sworn complaint upon which the search-warrant was issued, and the possession of such intoxicating liquor and other articles shall be *prima facie* evidence of the contraband character of said liquor, other articles, *etc.* The burden rests upon the claimant to show his interest and also that the liquors were not being kept with intent to violate any provision of law relating to intoxicating liquors. If upon the hearing the evidence warrants, or if no person shall appear as claimant, the court shall thereupon enter a judgment of forfeiture and order the liquors and other articles destroyed forthwith by the officers having custody of the same at the time of the adjudication; provided, however, the court may, in its dis-

cretion, appoint a special officer for the purpose of executing the judgment of forfeiture by destroying such liquors and property; and provided further, that if in the opinion of the court any of such forfeited property, other than intoxicating liquors, is adapted to any lawful use, such judge shall, as a part of the order and judgment, direct that such property, other than intoxicating liquors, be sold as upon execution by the officer having them in custody, and that the proceeds of such sale, after the payment of all costs of the proceeding, be paid into the common school fund of the school district in which the property was seized. A forfeiture, destruction or sale of any property under this section shall not be a bar to a prosecution under any other provision of law relating to intoxicating liquors.

It is apparent from the foregoing recital of the substance of the provisions of sections 7 and 8, that jurisdiction is conferred upon any district court to entertain and determine the proceedings therein provided for and that it terminates in a final judg-**[2]** ment. The proceeding has some of the aspects of a criminal action. It is not such, however, for, though properly prosecuted in the name of the state, the complaint charges no one with an offense. It is rather to be regarded as a proceeding *in rem* against the liquors, *etc.*, for their condemnation as forfeited property, and the complaint is in the nature of a libel. (23 Cyc. 299; *State* v. *Burrow's Liquors*, 37 Conn. 425; 2 Black on Judgments, sec. 799.) This is made apparent by the last sentence in section 8, for it declares that the forfeiture or destruction or sale of any property under the judgment, shall not be a bar to a prosecution under any other law relating to intoxicating liquors.

The requirement in section 7 that a copy of the warrant must **[3]** be served upon the person or persons found in possession of the liquors seized, and the provision in section 8 permitting any person interested to appear and claim the liquors, *etc.*, contemplate that when anyone does appear and make claim, a trial must be had of the question of title and whether or not the liquors were being kept or used by the claimant with the

[4]   intention of violating the laws prohibiting the sale of intoxicating liquors.   Such a trial is, for this purpose, a trial *inter partes* and necessarily results in a judgment affecting the rights of the state and the claimant from which either may appeal, under section 7098 of the Revised Codes.

Under section 7203, *certiorari* may issue when the inferior [5]   tribunal, board or officer exercising judicial functions, has exceeded its or his jurisdiction and there is no appeal, nor any plain, speedy and adequate remedy.   The fact that the complaining party has an appeal from the final judgment, precludes relief by this court by *certiorari*.   (*State ex rel. Whiteside* v. *First Judicial District Court,* 24 Mont. 539, 63 Pac. 395; *State ex rel. Weinstein Co.* v. *District Court,* 28 Mont. 445, 72 Pac. 867; *State ex rel. Davis* v. *District Court,* 29 Mont. 153, 74 Pac. 200; *State ex rel. Furnish* v. *Mullendore,* 53 Mont. 109, 161 Pac. 949.)

Furthermore, it was within the jurisdiction of the district [6]   court to determine the sufficiency of the complaint and also to determine whether the defendants were entitled to a trial by jury.   We do not concede that the court was in error in making either order.   But conceding, for the purpose of this case only, that both of them were erroneous, the error did not divest it of jurisdiction in the sense that the proceeding became *coram non judice;* otherwise every erroneous decision during the course of any proceeding would divest the court of jurisdiction.   (Cases cited *supra.*)

The writ is set aside and the proceeding dismissed.

*Dismissed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE COOPER concur.