STATE EX REL. BARNES, PLAINTIFF, *v.* DISTRICT COURT ET AL., DEFENDANTS.

(No. 4;825.)

(Submitted March 14, 1921. Decided April 12, 1921.)

[197 Pac. 565.]

*Intoxicating Liquors—Forfeiture—Writ of Prohibition—When Writ Does not Lie.*

1. The writ of prohibition may issue only where there is no plain, speedy or adequate remedy in the ordinary course of law; hence where plaintiff had an appeal from a final judgment of the district court declaring forfeited liquors claimed by him and seized under the Prohibition Enforcement Act, he was not entitled to the writ to stay further action in the proceeding.

Original application for Writ of Prohibition by the State, on the relation of Ed Barnes, directed to the District Court of the Sixteenth Judicial District, in and for the County of Custer, and S. D. McKinnon, a Judge thereof, to stay further action in a search-warrant proceeding instituted under the Prohibition Enforcement Act. Dismissed.

*Mr. Frank Hunter* and *Mr. Will Truscott*, for Plaintiff, submitted a brief; *Mr. Hunter* argued the cause orally.

*Mr. Wellington D. Rankin*, Attorney General, *Mr. L. A. Foot*, Assistant Attorney General, *Mr. W. C. Packer*, and *Mr. C. A. Spaulding*, for Defendants, submitted a brief; *Mr. Spaulding* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Original application for writ of prohibition directed to the district court of Custer county and Honorable S. D. McKinnon, one of its judges, to stay further action in a search-warrant proceeding instituted under the provisions of Chapter 143 of the Session Laws of 1917, commonly called the Prohibition Enforcement Act.

Upon the filing of the petition, an alternative writ was issued. At the hearing on March 14 last, the defendants appeared by counsel and moved that the writ be quashed and the application dismissed on the ground that upon the facts stated in the petition, the relator is not entitled to relief by means of prohibition. Upon the question thus raised, the application was submitted for decision.

The writ serves the office of arresting the proceedings of a [1] judicial tribunal when such proceedings are without or in excess of jurisdiction. (Rev. Codes, sec. 7227.) It may issue only when there is no plain, speedy or adequate remedy in the ordinary course of law. (Sec. 7228.) This court has followed the rule that when it appears that any other adequate

remedy is immediately available to the relator, the writ will be denied. (*State ex rel. Spalding* v. *Benton,* 12 Mont. 66, 29 Pac. 425; *State ex rel. Browne* v. *Booher,* 43 Mont. 569, 118 Pac. 271.) It appears from the petition that at the hearing upon the return of the search-warrant the relator appeared in response to notice given him by service of a copy of the warrant and claimed title to the property, containers, *etc.,* seized by the sheriff, and that after the hearing the court rendered final judgment of forfeiture. From this judgment relator was entitled to an appeal. (*State ex rel. Prato* v. *District Court,* 55 Mont. 560, 179 Pac. 497.) The relator, therefore, has a remedy, plain, speedy, adequate and immediately available.

The alternative writ is set aside and the application dismissed.

*Dismissed.*

ASSOCIATE JUSTICES REYNOLDS, COOPER, HOLLOWAY and GALEN concur,