STATE EX REL. PEARL ASSURANCE CO., LIMITED, APPELLANT, *v.* HOLMES, STATE AUDITOR AND COMMISSIONER OF INSURANCE, RESPONDENT.

(No. 8,271.)

(Submitted February 10, 1942.   Decided March 13, 1942.)

[124 Pac. (2d) 700.]

*Mr. Harlow Pease, Mr. John Claxton,* and *Messrs. O'Connor & Farber,* of the Bar of New York City, for Appellant, submitted an original and a reply brief; *Mr. Basil O'Connor* argued the cause orally.

*Mr. John W. Bonner,* Attorney General, and *Mr. Howard M. Gullickson,* First Assistant Attorney General, for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from the judgment of the district court of Lewis and Clark county sustaining respondent's demurrer to an amended petition for a writ of prohibition and granting his motion to quash an alternative writ of prohibition theretofore issued.

On June 24, 1941, respondent John J. Holmes, the commissioner of insurance of the state of Montana, issued an order directing the relator to show cause, on a date specified, why its Montana license should not be cancelled. The order alleged certain violations of the Montana statutes and set out certain practices which were alleged to be sufficient grounds for the revocation of relator's license as the basis for respondent's action. Relator made demand for a bill of particulars, which the commissioner refused to furnish. Relator then filed a petition for a writ of prohibition in the above named district court. The prayer of the petition was that respondent be prohibited from taking any further proceedings under the order to show cause. It set out objections to the jurisdiction of the commissioner; to the sufficiency of the order and to the failure to furnish a bill of particulars. Respondent appeared by demurrer and a motion to quash.

Relator bases its argument that prohibition is a proper remedy on two grounds: First, that under former decisions of this court the writ will issue even where there is a remedy by appeal when the court or administrative tribunal assuming to act is absolutely without jurisdiction to determine the matter (*State ex rel. Lane* v. *District Court*, 51 Mont. 503, 154 Pac. 200, 202, L. R. A. 1916E, 1079); and, second, that the remedy by appeal is not plain, speedy and adequate for the reason that no stay is provided in the provision for appeal.

The first inquiry, then, concerns whether or not the commissioner was acting within jurisdiction in issuing the order to show cause. The commissioner, under section 1, Article VII of our Constitution, and sections 166 and 167, Revised Codes of 1935, has general jurisdiction of the subject matter. Under certain circumstances enumerated in the statutes he has

the power to revoke certificates of authority of insurance companies licensed in Montana. Relator's argument that the commissioner is without jurisdiction in this particular case is that the order to show cause does not allege certain jurisdictional facts, nor does it allege the circumstances which must appear under the statute before the commissioner may invoke his power to revoke relator's license.

Considering the latter question first, we must determine whether or not the order to show cause sufficiently alleges any matter which might be a ground for revocation, and, if it does, it is sufficient. The rule as announced by this court in *State ex rel. Lane* v. *District Court,* supra, is as follows: "Whenever it is made to appear * * *, that under no conceivable circumstances can the district court render a valid judgment because of a lack of jurisdiction, the discretion should be exercised in favor of issuing the writ, to the end that litigants may be saved the needless trouble and expense of prosecuting their litigation to a fruitless judgment." (See, also, *State ex rel. King* v. *District Court,* 107 Mont. 476, 86 Pac (2d) 755.) Therefore the trial court, in the exercise of its discretion, must quash the writ under this particular contention that the order to show cause fails to allege any grounds which would be legally sufficient to support an order, if any single violation of the statute alleged is a ground for revocation.

Among other things the commissioner alleged that relator had not paid certain license fees required under section 6112, Revised Codes, and there can be no doubt that a failure to pay the license fee would be ground for revocation. In argument this allegation was emphatically denied by counsel. But there is no question of fact to be determined upon this hearing. Counsel urges that we may take judicial notice of the records of the commissioner's office, which will show that a license fee was paid in the year in question. From the allegations of the order to show cause it is clear, however, that those records would be of no assistance in determining whether or not the

license fee was paid on the particular premiums specified in the order to show cause.

It is not necessary to consider the sufficiency of the other allegations to state grounds for revocation, since under the rule in the Lane case the writ will not issue where the remedy by appeal is available, unless the commissioner is without jurisdiction under any conceivable circumstances to make a valid order at the conclusion of the hearing.

We find no merit in the first contention, that the order to show cause does not allege certain preliminary proceedings on the part of the commissioner which relator contends were jurisdictional. It is based upon the language in section 167, supra, which provides: "If the commissioner finds upon examination, hearing, or other evidence, that any insurance company, * * *" has done the things set out, he shall revoke or suspend the license. Then it is provided: "Before suspending or revoking the certificate of authority of any such company, the commissioner shall, unless it is insolvent or its capital impaired, grant it fifteen days in which to show cause why such action should not be taken." This statute is so plain as to admit of no construction by this court.

Relator contends that the order to show cause must allege that the commissioner has found at least some of the violations set out in section 167 as a basis for his issuance of the order to show cause. The statute lends no support to this argument. The finding contemplated precedes the revocation and not the issuance of the order to show cause. The hearing on the order to show cause is at least a part of the foundation of the finding required by the commissioner prior to revocation. By no stretch of the imagination can the statute be read in such a manner as to require any allegation of a finding in the order to show cause.

In the petition and later in its brief, the relator states that the remedy afforded at law under section 167, Revised Codes of 1935, is inadequate for the reason that there is no express provision in that section for a stay of proceedings

while the appeal is pending in the district court. An examination of the provision for appeal from the order of the commissioner reveals at the outset of a discussion of this case that relator does have an adequate and speedy remedy at law. (*State ex rel. Barnes* v. *District Court,* 59 Mont. 491, 197 Pac. .565.)

Section 167 provides that if the commissioner, after proper proceedings, shall suspend or revoke the certificate of authority of an insurance company, he "shall cause notice thereof to be published in one or more daily newspapers of general circulation published at the state capital, and no new business shall thereafter be done by it or its agents in this state while such default or disability continues, nor until its authority to do business is restored." The section provides for appeals from the order of the commissioner as follows: "Any insurance company * * * whose certificate of authority has been suspended or revoked by the commissioner, may, within fifteen days thereafter, appeal from said order to the district court, which court, upon the filing of the proper petition, shall cause the record and orders of the commissioner to be brought before it, and upon a hearing of the case by the court *de novo,* the court shall either confirm or revoke the order of the commissioner, as the law and the fact of the case may warrant."

Relator in its brief urges upon this court that, since the provision for appeal does not expressly provide for a stay, great and irreparable damage might be done by the publication of the order of revocation of its certificate while the appeal is pending. It sets out that by reason of the nature of its business, in which the confidence of the people of the state in the company is of great importance, the publication of the order would do great injury to its good will. It further urges that it has many agents throughout the state and many valuable property interests in insurance in force, and the publication of the notice of the order would, in all likelihood, result in the cancellation of existing policies and in the loss of agents.

It is clear that upon the taking of an appeal provided for

in section 167, the commissioner loses jurisdiction to do anything further in the matter while the appeal is pending. The statute requires that all of the records and the orders of the commissioner be brought to the district court and that there the case shall be tried *de novo*.

It is universally held, except for certain statutory exceptions, that an appeal from a justice court to the district court stays execution of the judgment while the appeal is pending. (35 C. J. 786.) The general rule as to the effect of any appeal from a lower to an appellate tribunal, where the matter is tried *de novo*, is found in 4 C. J. S., Appeal and Error, Section 611, pp. 1096 and 1097, to the effect that whether the appeal is considered to operate as a mere writ of error or, as is true in some states, to vacate entirely the order appealed from, still the appeal in the absence of statutory provisions otherwise operates to take from the lower tribunal any jurisdiction to enforce or put into operation the order appealed from.

In considering a similar statute—section 1024, Revised Codes of 1935—providing for an appeal from certain orders of the county superintendent of schools to the board of county commissioners, this court said in discussing the effect of the appeal to the commissioners on the order of the county superintendent, in *Weasel Head* v. *Armstrong*, 99 Mont. 364, 43 Pac. (2d) 243, that the appeal does not operate to destroy the order of the superintendent, but that it does operate to suspend the order appealed from while the appeal is pending, even though the statute makes no express provision for a stay. We had occasion in the case of *State ex rel. School District* v. *Lensman*, 108 Mont. 118, 88 Pac. (2d) 63, in again discussing the question, to repeat that the appeal operates to stay the operation of the order pending an appeal. There can be no question that an appeal under section 167 would automatically stay the execution of the commissioner's order, and upon the filing of such an appeal he loses jurisdiction in the matter and may not proceed to publish the order or in any way put it into effect. (See, also, *Finlen* v. *Heinze*, 27 Mont. 107, 69 P. 829.)

Section 167 provides a plain, speedy and adequate remedy at law to relator, and the commissioner was proceeding within jurisdiction. Therefore the trial court properly sustained the motion to quash the alternative writ. Affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.