[S. F. No. 13765. In Bank.—April 30, 1931.]

M. A. CAMP, Appellant, v. OAKLAND MORTGAGE & FINANCE COMPANY (a Corporation), Defendant; THE FIDELITY AND CASUALTY COMPANY OF NEW YORK (a Corporation), Respondent.

434

J. C. Wood and Ezra Cox for Appellant.

M. C. McDonough and Carter, Peterson & McDonough for Respondent.

THE COURT.—Motion to dismiss. Plaintiff brought this action to recover from the Oakland Mortgage & Finance Company the residue or balance of a loan fund remaining in its hands, the loan having been theretofore arranged for and negotiated by one George Phillips and wife to meet progress payments on certain improvement work undertaken by them. Plaintiff's claim to this balance is founded upon what is described in the complaint as a "draft" drawn by Phillips and wife to the plaintiff's order, and accepted for payment by the drawee when the fourth payment on the loan should fall due and subsequent to the filing of the notice of completion of building. Several other persons having made demand for the balance remaining in its hands under the loan arrangement, and being unable to determine to whom it should pay the same, the Oakland Mortgage &

Finance Company, in accordance with the requirements of section 386 of the Code of Civil Procedure, moved the court below, before answer filed, for an order discharging it from liability and dismissing it from the action, upon payment into court of the sum in dispute, and substituting in its place and stead all of the adverse claimants. From the order granting this motion the plaintiff purported to take an appeal to this court, which appeal was subsequently dismissed (205 Cal. 380 [270 Pac. 685]) on the ground that such an order was reviewable only on appeal from the judgment. Thereafter, and by and with the consent of the Phillips, the defendant Fidelity and Casualty Company of New York, one of the substituted defendants, did pay and discharge the liens and claims of the several other substituted defendants, thus leaving itself as the only defendant in the case with whom plaintiff was to litigate his asserted right to the money deposited in court, as hereinbefore stated. Upon the conclusion of the trial, it was found that the claim and right of the substituted defendant in and to the fund so deposited in court was superior to and entitled to priority over plaintiff's claim. Judgment was entered accordingly, and plaintiff appealed.

Respondent Fidelity and Casualty Company of New York moves to dismiss the appeal from the judgment on the ground that appellant has failed to serve a copy of the transcript or of his opening brief on the Oakland Mortgage & Finance Company, the original defendant who had been substituted out of the case. Movant has referred us to no authority, and our research has uncovered none, justifying a dismissal under the circumstances of this case. From the time of the deposit of the money in court and the discharge and dismissal of the Oakland Mortgage & Finance Company from the case, the proceeding was one solely between the plaintiff and the substituted defendant (*Hellman Commercial Tr. & Sav. Bank* v. *Alden,* 206 Cal. 592, 600 [275 Pac. 794]), and they are the only parties who could possibly be affected by any reversal or modification of the judgment awarding the deposited fund to the substituted defendant. Having paid the money into court, and disclaimed all interest therein, it was immaterial to the original defendant to which of the adverse claimants the money so deposited might thereafter be awarded, and the original de-

fendant was not, therefore, an "adverse party" upon whom service need be made of the papers incident to an appeal from a judgment determining such adverse claims. Upon the filing of the notice of appeal, jurisdiction of the appeal from the judgment attached.

The fact that appellant in his opening brief attacks the order of substitution does not alter our conclusion as to the disposition to be made of the motion to dismiss. In this regard the appellant contends that the original defendant is individually liable on the "draft" set out in the complaint and should not therefore have been substituted out of the case. This contention is clearly without merit for it is apparent from the face of the complaint that the instrument sued on is not a bill of exchange upon which the drawee and acceptor remains liable at any and all events. but constitutes at most a conditional promise to pay a specified sum of money from a designated fund upon the happening of certain contingencies. The instrument reads:

"Oakland, California, June 8, 1927.
"Oakland Mortgage & Finance Co.,
"1432 Franklin St.

"You are hereby requested to pay to M. A. Camp or order two thousand and 00/100 .... dollars, $2,000.00, for repayment of funds advanced to G. R. Sterne furnished on job at East Side Seventy Third Avenue, 100 feet South Foothill Blvd. Value received and charge same to loan of undersigned in amount of $10,000.00.

"GEORGE PHILLIPS.
"NORA PHILLIPS.

"Part of final payment.
"This draft will not be honored unless receipted bill is attached.

"Accepted for payment when 4th payment on Loan is due and payable 35 days after filing notice of completion and building completed.

"OAKLAND MORTGAGE & FINANCE CO.,
"JOHN A. BRENNAN,
"Manager."

This instrument readily discloses that the only obligation of the Oakland Mortgage & Finance Company thereunder is to apply a certain portion of the Phillips' building loan fund in the manner therein designated. In the face of ad-

verse claims upon it for the balance remaining in said building loan fund the original defendant had no alternative but to pay the money into court, as it did, and be dismissed from the action, leaving the several claimants to litigate their respective rights thereto. The order substituting defendants was therefore proper and the original defendant was not, as above indicated, an "adverse" party upon whom service need be made.

· The motion to dismiss is denied.