[Civ. No. 8390. First Appellate District, Division Two.—December 17, 1932.]

M. A. CAMP, Appellant, v. OAKLAND MORTGAGE & FINANCE COMPANY (a Corporation), Defendant; THE FIDELITY AND CASUALTY COMPANY OF NEW YORK (a Corporation), Respondent.

J. C. Wood and Ezra Cox for Appellant.

Melville C. McDonough and Carter, Peterson & McDonough for Respondent.

KING, J., *pro tem.*—The action is to recover from the Oakland Mortgage & Finance Company the residue or balance of a loan fund remaining in the hands of the Mortgage Company, the loan having been theretofore arranged by one George Phillips and wife to meet progress payments on a building erected for them by one G. R. Sterne as contractor. This instrument reads:

"Oakland, California, June 8, 1927.
"Oakland Mortgage & Finance Co.
"1432 Franklin St.

"You are hereby requested to pay to M. A. Camp or order two thousand and 00/100 dollars, $2000.00 for repay-

ment of funds advanced to G. R. Sterne furnished on job at East side of Seventy Third Avenue, 100 feet South Foothill Blvd. Value received and charge same to loan of undersigned in amount of $10,000.00.

"GEORGE PHILLIPS
"NORA PHILLIPS.

"Part of final payment.

"This draft will not be honored unless receipted bill is attached.

"Accepted for payment when 4th payment on Loan is due and payable 35 days after filing notice of completion and building completed.

"OAKLAND MORTGAGE & FINANCE CO.,
"JOHN A. BRENNAN, Manager."

Several other persons made demand for the balance remaining in its hands under the loan arrangement, and being unable to determine to whom it should pay the same, the Oakland Mortgage & Finance Company moved the court below, in accordance with the requirements of section 386 of the Code of Civil Procedure, before answer filed, for an order discharging it from liability and dismissing it from the action, upon payment into court of the sum in dispute, and substituting in its place all of the adverse claimants. This order the court granted.

Thereafter, and by and with the consent of the owners of the building, the defendant Fidelity and Casualty Company of New York, one of the substituted defendants, did pay and discharge the liens and claims of the several other substituted defendants, thus leaving itself as the only defendant in the case with whom plaintiff was to litigate his asserted right to the money deposited in court. Upon the conclusion of the trial, it was found that the claim and right of the substituted defendant was superior to and entitled to priority over plaintiff's claim.

From the judgment so entered plaintiff appeals.

Appellant in his opening brief contends that the paper sued on is a bill of exchange as defined in section 3207 of the Civil Code, but the Supreme Court on a motion to dismiss the appeal (212 Cal. 434 [298 Pac. 974, 975]), held that the instrument sued on is not a bill of exchange "But constitutes at most a conditional promise to pay a specified

sum of money from a designated fund upon the happening of certain contingencies.''

He further insists that the court erred in granting the order of substitution, and as to this matter the Supreme Court held in the same decision that ''This contention is clearly without merit.''

Thus, as stated in appellant's reply brief, the only question remaining to be determined is whether this assignment as accepted by the Mortgage Company is superior to the claim of the surety company which has voluntarily agreed to protect the assignor from the default of the contractor and which, by reason of such default, has been compelled to pay lien claimants.

In the discussion of this matter appellant urges that ''Plaintiff's accepted assignment'' is superior to the equitable claim of respondent for the reasons: (a) It was an executed contract which passed title as of the date of its acceptance; (b) The order being given by the owners of the fund is not subject to the claims of Sterne's (the contractor's) creditors, and (c) Respondent's right of subrogation is only to the right of Sterne as against either the owners or their assignee.

Defendant The Fidelity and Casualty Company of New York, on April 13, 1927, executed a contract of suretyship as provided in section 1183 of the Code of Civil Procedure.

When the order to pay Camp the $2,000, ''and charge the same to loan'' was given by the owners, the building was completed, but unpaid bills for labor and materials in the sum of $6,851.27 remained.

The lower court found that both the owners and the Mortgage Company at all times following the execution of the builder's bond by defendant had full knowledge of each and all the terms and conditions of the bond, and enjoyed the benefit thereof; that each and all the labor and materialmen knew of and relied on the provisions contained in the building contract and the building loan and did rely thereon as security for payment. And that plaintiff at all times had constructive knowledge of each and all the terms of the building loan—and that it is true that the equitable lien of defendant upon the unpaid balance of the building loan is superior to that of plaintiff, and the defendant is subro-

gated to each and all the rights of the owners and the labor and materialmen with respect to the balance of said building loan. That said moneys are the undistributed balance remaining upon said building loan.

■ Upon consideration of all the facts and circumstances surrounding this case it appears to the court that the conditions attached to the order sued on, viz.: ''Part of final payment. This draft will not be honored unless receipted bill is attached,'' have never been met. The draft, by its terms, was not payable until the receipted bill was attached, and this was never done. Further, the owners were not themselves entitled to collect this money while unpaid liens were a charge against the property. If they themselves could not collect it, if the contractor could not collect it, then plaintiff, the assignee, is in no better position.

The judgment should be and is affirmed.

Spence, J., concurred.