[Civ. No. 1286.  Third Appellate District.—September 11, 1914.]

## ELPHA CASSIDY, Petitioner, v. C. W. NORTON, as Judge of the Superior Court, Respondent.

PARTIES—SUBSTITUTION OF DEFENDANTS—PROCEDURE—JURISDICTION OF COURT.—Where an action is brought against a bank to recover money to which adverse claims are made, and the bank pays the fund into court and applies to have the sheriff, who has levied an attachment on it, substituted as party defendant, accompanying the application with an affidavit setting forth the necessary facts for an order of substitution, the court has jurisdiction to make the order, although the bank previously had filed its answer but not before filing notice of the motion for substitution.

ID.—ORDER SUBSTITUTING PARTIES—ERROR OF COURT—MANNER OF REVIEWING.—The court in such case, having jurisdiction of the parties and of the subject matter of the action, has the legal right to decide the question of substitution, and if its decision is erroneous, the error cannot be corrected on *certiorari* but must be reached by an appeal from the final judgment in the case.

ID.—JOINDER OF PARTIES DEFENDANT—POWER OF COURT TO ORDER.—In such case the trial court has jurisdiction, under section 389 of the Code of Civil Procedure, on motion of the sheriff, to have other claimants of the money joined as parties defendant.

CERTIORARI to review orders of the Superior Court of San Joaquin County.  C. W. Norton, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, and W. F. Lynch, for Petitioner.

C. L. Neumiller, and George A. Ditz, for Respondent.

BURNETT, J.—Petitioner seeks to have annulled two certain orders made by the superior court of San Joaquin County. The application is grounded, of course, upon the contention that the court thereby exceeded its jurisdiction. An alternative writ of *certiorari* was issued by this court and in the return of respondent we have a full record of the proceedings of the lower court.

The first of these orders was made upon the fourth day of May, 1914, and was an order of substitution in the case of Elpha Cassidy *v.* Commercial and Savings Bank and provided

and adjudged "that upon payment by the above named defendant, Commercial and Savings Bank, a corporation, into the superior court of the state of California in and for the county of San Joaquin, to the clerk of said court of the sum of twelve hundred fifty dollars in gold coin of the United States of America, Wm. H. Riecks, sheriff of the county of San Joaquin, be and he hereby is substituted as defendant in this action for and in the place of said Commercial and Savings Bank and that said Commercial and Savings Bank, a corporation, be and it hereby is dismissed and discharged as defendant in this action and from all liability in or as to the matter in this action, or to said Wm. H. Riecks, said sheriff, or to him for or on account of levies of writs of attachment or execution."

The second order was made on the fifteenth day of June following and provided that John T. Lewis, A. L. Farrington, and F. B. Hubbard be joined as parties defendant and that plaintiff file a supplemental complaint joining said parties as defendants and requiring the service of the same upon them.

Both of these orders are clearly authorized by the statute. Section 386 of the Code of Civil Procedure provides: "A defendant, against whom an action is pending upon a contract, or for specific personal property, may, at any time before answer, upon affidavit that a person not a party to the action makes against him, and without any collusion with him, a demand upon such contract, or for such property, upon notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount claimed on the contract, or delivering the property, or its value, to such person as the court may direct; and the court may, in its discretion, make the order."

Every fact thus required to be presented was set forth in an affidavit of defendant accompanying a notice to the adverse party of an application to the court for such order of substitution. We can perceive nothing that was omitted therefrom. Indeed, it seems to have been eminently proper that the defendant should be relieved of any responsibility in the premises on the payment of the money into court, as, by reason of adverse claims, it could not safely determine to whom the payment should be made. The bank laid no claim to the money and the sheriff having levied upon it a writ of attach-

ment and of execution, it naturally sought to have him substituted. But whether the sheriff was, as a matter of fact, the proper party to be substituted, the showing required by the statute was made and we think there can be no doubt that the court had the legal right—in other words, the jurisdiction —to make said order of substitution.

The only pretense of objection to the power of the court in the premises grows out of the fact that an answer was filed by the original defendant before said order of substitution was made. But before said answer was filed said defendant filed in the court a written notice of motion for the substitution and also said affidavit setting forth the grounds for said motion and offered to pay into court the sum of money claimed by the plaintiff. We consider said proceeding of the defendant as an "application" in the sense of the statute. The provision is that "at any time before answer" the defendants "may apply to the court" for an order of substitution. The defendant was not required to take the risk of being in default, not knowing, of course, whether the court would make the order of substitution. And since the application for such order was set for hearing at a day beyond the stipulated period for answering the defendant very properly filed said pleading, expressly declaring that it did not waive "its motion for substitution of Wm. H. Riecks, sheriff of the county of San Joaquin, state of California, as defendant for and in its place and stead herein, or its notice of said motion served and filed heretofore on April 9, 1914, but insisting thereon."

We think said defendant acted within the letter and spirit of the law and no error was committed.

But, at any rate, the court had jurisdiction of the parties and of the subject matter of the action and it had the legal right to decide the question of substitution and if its decision was erroneous the error could not be corrected on *certiorari* but must be reached by an appeal from the final judgment in the case. (*Hibernia S. & L. Society* v. *Lewis,* 117 Cal. 577, [47 Pac. 602, 49 Pac. 714].)

We can discover even less reason for annulling the second order.

The substituted defendant regularly moved the court for an order to substitute as sole defendants said Farrington, Hubbard, and Lewis. In his affidavit in support of said motion he set out that at the instance of said Farrington and Hub-

bard who were plaintiffs in an action against Frank E. Mc-Clellan and Minnie McClellan, affiant, as sheriff of the county of San Joaquin, had served a writ of attachment on all the moneys and credits of said defendants in said Commercial and Savings Bank and also that he had served a writ of execution on said moneys and credits in an action wherein John T. Lewis had obtained judgment against said Frank E. McClellan and Minnie McClellan and that thereafter the said Commercial and Savings Bank had paid into court the sum of one thousand two hundred and fifty dollars, being all the money and credits that it claimed to have and belonging to the said Frank E. McClellan and Minnie McClellan.

In fine, it clearly appeared that the said Farrington, Hubbard and Lewis were claimants of said money and were, therefore, necessary parties to the action and that their participation was requisite to a final determination of the controversy as to whom the said money should be paid.

The condition was clearly one contemplated by section 389 of the Code of Civil Procedure providing that "when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and to that end may order amended and supplemental pleadings, or a cross-complaint to be filed, and summons thereon to be issued and served." The court seems to have acted entirely within the authorization of this statutory provision and we can find neither irregularity nor excess of power in its proceeding.

We are satisfied that the question of jurisdiction, the only consideration herein involved, must be resolved against petitioner, and the order to show cause is discharged and the peremptory writ denied.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 9, 1914.