[S. F. No. 12905. In Bank.—October 5, 1928.]

M. A. CAMP, Appellant, v. OAKLAND MORTGAGE & FINANCE COMPANY (a Corporation) et al., Respondents.

Soren X. Christensen and J. C. Wood for Appellant.

Dunn, White & Aiken and W. M. Nold for Respondent Mortgage Company.

Melville C. McDonough for Respondents Fidelity and Casualty Company of New York et al.

THE COURT.—Plaintiff instituted this action to recover the residue or balance of a loan fund remaining in defendant's hands, the loan having been theretofore arranged for and negotiated by one George Phillips and wife to meet progress payments on certain improvement work undertaken by them. Plaintiff's claim to this balance is founded upon what is described in the complaint as a "draft" drawn by Phillips and wife to the plaintiff's order. It appears, however, that several other persons, including the assignee of Phillips and wife, had also made demand upon defendant for the two thousand dollars in controversy. Being unable to determine to whom it should pay this money, the defendant, in accordance with the requirements of section 386 of the Code of Civil Procedure, moved the court below, before answer filed, for an order discharging it from liability and dismissing it from the action, upon payment into court of the sum in dispute, and substituting as parties defendant in its place and stead all of the adverse claimants. From the order granting this motion the plaintiff appealed. This proceeding presents two motions, one by the original defendant and the other by one of the substituted defendants, looking to the dismissal of said appeal.

The moving parties urge, among other things, that an order substituting parties defendant, as contemplated by section 386, *supra*, is not an appealable order. In this we believe there is merit. Such an order is not appealable under subdivisions 2 or 3 of section 963 of the Code of Civil Procedure wherein are enumerated all of the orders from which an appeal lies. Nor do we think the order is appealable under subdivision 1 of said section as a "final judgment." (*State ex rel. Weinstein* v. *District Court*, 28 Mont. 445 [72 Pac. 867, 868].) From the cited case it appears that section 588 of the Code of Civil Procedure of Montana is identical, so far as material here, with our section 386, *supra*, in that it provides for a substitution of defendants under certain circumstances and for the discharge and dismissal from the action of the original defendant upon his depositing in court the money or other personal property in dispute. Subdivision 1 of section 1722 of the Montana code, as it read at the time of said decision, is identical with subdivision 1 of our section 963, *supra*, for

it authorized an appeal "from *a final judgment* entered in an action or special proceeding . . . " (Italics added.) In determining that an order of substitution made under the former section was not a "final judgment" within the meaning of subdivision 1 of the latter section so as to be appealable thereunder, the Montana court declared: "The defendant contends that the order is a final judgment, and is appealable under the provisions of subdivision 1 of section 1722. . . . This contention rests upon the assumption that it is a final determination of the rights of the parties so far as concerns the relator and Travis. With this view we do not agree. The order has none of the essential characteristics of a final judgment. It is not to be executed by a writ or other process; nor is any act required of any of the parties by the doing of which he will be injured in the meantime, in the sense, at least, that he will be finally deprived of any substantial personal or property right, or suffer an invasion thereof, unless he can prosecute an appeal directly from the order itself. From this point of view it does not fall within the principle of the case of *State ex rel. Heinze* v. *District Court,* 28 Mont. 227 [72 Pac. 613], but is merely an interlocutory or intermediate order, and falls within the class of orders which may be reviewed upon appeal from the final judgment in the case, upon exception reserved . . . ; otherwise, this and all similar orders, incidentally determinative of some right of a party to an action, must be held to be final judgments, within the definition of that term as laid down in section 1000 of the Code of Civil Procedure. Therefore no direct appeal lies under section 1722, *supra.*"

In *Cassidy* v. *Norton,* 25 Cal. App. 433, 435 [143 Pac. 1057, 1058], it was sought by *certiorari* to review an order of substitution made under section 386, *supra,* and the court held that if the order was improperly and erroneously made "the error could not be corrected on *certiorari but must be reached by an appeal from the final judgment* in the case." (Italics ours.) The very brief opinion filed in the early case of *Beck* v. *City of San Francisco,* 4 Cal. 375, declares that "An appeal does not lie from an order of the Chancellor making a new party defendant. It may be revised on error, when the whole case is properly brought up."

We are satisfied that the order herein attempted to be appealed from is not a "final judgment" within the meaning of subdivision 1 of section 963, *supra*, as interpreted by our decisions, for such order did not in any manner purport to dispose of the merits of the controversy or to adjudicate the rights of the parties in and to the subject matter of the action. It is our conclusion, therefore, that such order may be reviewed only on appeal from the judgment. Section 956 of the Code of Civil Procedure provides, in part, that "Upon an appeal from a judgment the court may review the verdict or decision, and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment, or which substantially affects the rights of a party . . . " Research discloses that an appeal was taken in *Youtz* v. *Farmers' etc. Bank*, 31 Cal. App. 370 [160 Pac. 855], from an order such as is herein involved. No question was therein raised, however, as to the propriety of the appeal.

For the foregoing reasons the appeal is dismissed.