[Civ. No. 42109. Second Dist., Div. Four. Aug. 6, 1974.]

LINCOLN NATIONAL LIFE INSURANCE COMPANY,
Plaintiff and Respondent, v.
WALTER A. MITCHELL et al., Defendants and Appellants.

## COUNSEL

Adams, Duque & Hazeltine, Thomas F. Call and James H. Fleming for Plaintiff and Respondent.

William F. Kenney and David Friedman for Defendants and Appellants.

## OPINION

**JEFFERSON, Acting P. J.**—Plaintiff, The Lincoln National Life Insurance Company, filed a complaint for declaratory relief and for interpleader (pursuant to Code Civ. Proc., § 386, § 386.5, and § 386.6).[1] Named de-

---

[1]Code of Civil Procedure section 386 provides, in pertinent part, that ". . . whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may

fendants were Walter A. Mitchell (hereinafter Walter) and Marguerite L. Nook Mitchell (hereinafter Marguerite). Walter was served and, after his demurrer to the complaint had been overruled, answered denying the existence of grounds for interpleader. Failing to effect service on Marguerite, and having determined that she was in a state mental institution pursuant to a commitment under Penal Code section 1026, plaintiff insurer moved for the appointment of a guardian ad litem for Marguerite; the appointment was made.

The facts are briefly stated. First, plaintiff's complaint alleged that it was liable for payment on two policies which had matured[2] and which were purchased many years ago by Marguerite. Second, in late 1960, shortly before her commitment as a criminally insane person, Marguerite purportedly executed a declaration of trust, naming her husband Walter as trustee and remainderman, and herself as sole beneficiary; included in the trust res were the policies payable by plaintiff insurer. When the first policy matured, Walter made application to plaintiff for payment, as owner of the policy. Plaintiff however had received communications from Marguerite, i.e., letters complaining of Walter's treatment of her, particularly in regard to financial affairs, and objecting to any payment by plaintiff to Walter of the insurance policy proceeds. As the result of this situation, plaintiff asked the court for a judgment discharging it from any further liability, ordering that its policies be cancelled and requiring the named defendants to determine the dispute between themselves.

Walter appeared and denied that there was any conflict between himself and Marguerite over the funds, resisting the possibility of being required to litigate the matter with Marguerite. Marguerite's guardian ad litem answered, representing to the court that Marguerite denied, among other things, executing the declaration of trust. Plaintiff filed a motion for a judgment of interpleader. The trial court granted plaintiff's motion, and a judgment of interpleader was entered. Walter now appeals that judgment.

■■■ The preliminary issue of the appeal is whether it is well taken,

---

bring an action against the conflicting claimants to compel them to interplead and litigate their several claims. . . '."

The remedy is available to disinterested persons who do not question that they owe a particular thing or duty to some one, but do not know, as between conflicting claimants, to whom it should be discharged. The interpleader statute protects such persons; it has been described as "[a] remedial statute, its purpose is to avoid a multiplicity of suits and prevent vexatious litigation." (*Hancock Oil Co.* v. *Hopkins,* 24 Cal. 2d 497, 508 [150 P.2d 463].)

[2]The complaint was filed when the first policy matured, and the proceeds were paid into court; the proceeds of the second policy were paid in thereafter, and the complaint amended to show that fact.

i.e., whether the interpleader judgment is appealable. Since we have concluded that it is not appealable, in the sense that it is premature, the appeal must be dismissed.·

Code of Civil Procedure section 904.1 provides, in pertinent part, that "An appeal may be taken from a superior court in the following cases: (a) From a judgment, *except* (1) *an interlocutory judgment,* other than as provided in subdivisions (h), (i) and (j) . . . ." None of these subdivisions have application here. (Italics added.)

■ Generally, the determination of whether a judgment is interlocutory or final depends upon whether it substantially affects the rights of the parties to the suit, and is finally dispositive of those rights. (4 Cal.Jur.3d, Appellate Review, § 24 et seq., p. 54; Part I, 6 Witkin, Cal. Procedure (2d ed.) Appeal, §§ 52-54, pp. 4066-4069.) ■ In the instant case, the judgment had substantial effect, in that it removed one party from litigation and, further, required the remaining parties to litigate or settle their dispute. However, it made no final disposition of the funds on deposit (fn. 2).

The determination of the propriety of interpleader has turned on whether the stakeholder is truly a disinterested party, whose discharge still leaves parties in litigation with substantial rights to be resolved with respect to the property in question. (4 Am.Jur.2d, § 93, pp. 607-608, particularly fn. 4; also 16 A.L.R.2d, § 10, pp. 1046, 1057.) In California, the interpleader procedure is viewed as two suits in one. (*San Francisco Savings Union* v. *Long,* 123 Cal. 107, 109 [55 P. 708]; *Fidelity Savings etc. Assn.* v. *Rodgers,* 180 Cal. 683, 684 [182 P. 426].) In 3 Witkin, California Procedure (2d ed.) Pleading, section 225, page 1899, it is said: "The first step is a trial or hearing by the court on the issue of the plaintiff's right to interplead. If the proof is sufficient (or the right is admitted by failure to object or by stipulation; *supra,* § 224), the court makes an *interlocutory order*. This directs the plaintiff stakeholder to deposit the amount or deliver the property, and requires the defendant claimants to interplead and litigate their claims among themselves." Such interlocutory orders, concerning the substitution of parties in a suit, have been regarded as nonappealable until such time as a final judgment has been entered disposing of the claims of the remaining litigants. (*Camp* v. *Oakland Mortgage & Finance Co.,* 205 Cal. 380, 381 [270 P. 685]; *Cassidy* v. *Norton,* 25 Cal.App. 433, 435 [143 P. 1057]; *Randall* v. *Beber,* 101 Cal.App.2d 179, 182 [225 P.2d 291]; *Neilsen* v. *Saylors,* 146 Cal.App.2d 139, 140 [303 P.2d 781]; for cases following the *Camp* holding, see *Knoff* v. *City etc. of San*

*Francisco,* 1 Cal.App.3d 184, 206 [81 Cal.Rptr. 683]; *Chitwood* v. *County of Los Angeles,* 14 Cal.App.3d 522, 528 [92 Cal.Rptr. 441].)

We conclude that the judgment of interpleader, discharging plaintiff and leaving Marguerite and Walter to settle the disposition of the insurance proceeds, was interlocutory and nonappealable, subject to review on appeal only after the ultimate resolution of the Mitchells' claims.

We note that plaintiff has requested that we award attorney fees incurred in defending this appeal, in the sum of $500, pursuant to Code of Civil Procedure section 386.6.[3] The record discloses that plaintiff already has received an award of $1,100 from the funds on deposit, for attorney fees incurred in the trial court. The determination of the amount of fee for defending this appeal is more effectively determined in the trial court, to which we refer it.

The appeal is dismissed. On remand, the trial court shall award to plaintiff such attorney fees, if any, in addition to those heretofore awarded, as that court shall deem reasonable and proper for defending the present appeal.

Kingsley, J., and Dunn, J., concurred.

---

[3]That section provides, inter alia, that "In ordering the discharge of such party, the court may, in its discretion, award such party his costs and reasonable attorney fees from the amount in dispute which has been deposited with the court. At the time of final judgment in the action the court may make such further provision for assumption of such costs and attorney fees by one or more of the adverse claimants as may appear proper."