[Civ. No. 14923. Third Dist. June 1, 1976.]

C. W. SWEENEY, as Administrator, etc.,
Plaintiff, Cross-defendant and Appellant, v.
BILLY DEAN McCLARAN,
Defendant, Cross-defendant and Respondent;
SURETY COMPANY OF THE PACIFIC,
Defendant, Cross-complainant and Respondent;
DIVISION OF LABOR LAW ENFORCEMENT et al.,
Cross-defendants and Appellants.

**COUNSEL**

McCarthy, Johnson & Miller and William R. Shepard for Plaintiff, Cross-defendant and Appellant.

Lazar, Giannini & Gurney, Guy T. Gurney and Janet M. Holland for Cross-defendants and Appellants.

Acret & Perrochet and Geoffrey R. Hudson for Defendant, Cross-complainant and Respondent.

No appearance for Defendant, Cross-defendant and Respondent.

**OPINION**

**PARAS, J.**—The claimants against a contractor's license bond (Bus. & Prof. Code, §§ 7071.5-7071.14) appeal from an order awarding the interpleading surety its costs and attorneys' fees out of the penal sum of the bond.

Plaintiff Sweeney, as administrator of five labor-management trust funds for operating engineers, sued defendant McClaran, a contractor, for employee fringe benefit payments which McClaran, as employer, allegedly failed to pay into the trust funds as required by a collective bargaining agreement. The complaint included a cause of action against defendant Surety Company of the Pacific ("Surety") to enforce Surety's liability on a $2,500 contractor's license bond issued by it in favor of the State of California, as obligee, naming McClaran as principal. Such a bond (or a cash deposit) is required by Business and Professions Code sections 7071.5 and 7071.6 as a condition precedent to the issuance, reinstatement, reactivation, or renewal of a contractor's license.

Pursuant to section 386 of the Code of Civil Procedure, Surety filed a first amended cross-complaint in interpleader against Sweeney, McClaran and other claimants on the bond. The other claimants were John Rebeiro and Lawrence Walters, as assignees of the trustees of four trust funds for carpenters; and the state Division of Labor Law Enforcement ("Division"), as assignee of certain employees of McClaran. Rebeiro and Walters claimed (like Sweeney) that McClaran had failed to make fringe benefit payments to the trust funds they represented. The Division claimed unpaid wage claims of its assignors. The claims of Sweeney, Rebeiro and Walters, and the Division totaled $14,312.48—far in excess of the $2,500 penal sum of the bond.

Disclaiming any interest in the $2,500 and offering to deposit that amount in court, Surety thereafter noticed a motion under section 386 of the Code of Civil Procedure for an order discharging it from liability and dismissing it from Sweeney's action upon making such deposit. (See also Code Civ. Proc., § 386.5.) Citing section 386.6 of the Code of Civil Procedure, the motion also requested the court to award Surety its costs and reasonable attorneys' fees out of the $2,500. Vigorous opposition was encountered. After the motion had been argued and briefed, the court discharged Surety and allowed "its costs in the sum of $61.30 and attorneys' fees in the sum of $1,000.00; said sums to be awarded from and deducted from the money [$2,500] deposited hereafter with the Clerk of this Court."

Sweeney, Rebeiro and Walters, and the Division, having all appealed from the order, do not now challenge the portion of it which discharged Surety from liability and dismissed it from Sweeney's action. They seek review of the order only to the extent that it awarded Surety costs and attorneys' fees out of the sum deposited in court.

I

Surety contends that the order appealed from was not an appealable order. We have already decided that issue adversely to Surety in denying its earlier motion to dismiss the appeals. *Lincoln Nat. Life Ins. Co.* v. *Mitchell* (1974) 41 Cal.App.3d 16 [115 Cal.Rptr. 723], upon which Surety relies, is not persuasive. Although in *Lincoln* the interpleading insurer was awarded attorneys' fees from the funds it deposited with the trial court, the appellate court did not discuss whether such award had any effect on the appealability of the judgment of interpleader. In holding that the judgment was interlocutory, *Lincoln* limited its analysis to the

effect of a substitution of parties only, as was done in *Camp* v. *Oakland Mortgage etc. Co.* (1928) 205 Cal. 380 [270 P. 685] (cited in *Lincoln*). ■ The provision for costs and attorneys' fees renders the order in the instant case appealable. (*Fish* v. *Fish* (1932) 216 Cal. 14, 16 [13 P.2d 375]; *Grant* v. *Superior Court* (1895) 106 Cal. 324, 325-326 [39 P. 604]; *Brown* v. *Memorial Nat. Home Foundation* (1958) 158 Cal.App.2d 448, 459-460 [322 P.2d 600].)

## II

■ We reject appellants' contention that the award in any amount by the trial court of costs and attorney's fees from the penal sum of the bond constitutes an abuse of discretion.

Section 386.6 of the Code of Civil Procedure, which is one of the general interpleader sections (§§ 386-386.6) provides in relevant part: "A party to an action who follows the procedure set forth in [Code of Civil Procedure] Section 386 or 386.5 [pertaining to defendants who interplead or move for discharge from liability as disinterested stakeholders] may insert in his motion, petition, complaint, or cross complaint a request for allowance of his costs and reasonable attorney fees incurred in such action. In ordering the discharge of such party, the court may, *in its discretion,* award such party his costs and *reasonable attorney fees* from the amount in dispute which has been deposited with the court." (Italics added.)

Section 7071.5 of the Business and Professions Code, which pertains to contractors' license bonds, provides: "The contractor's bond or cash deposit required by this article shall be a bond issued by an admitted surety in favor of the State of California, in a form acceptable to the registrar [of contractors] and filed with the registrar by the licensee or applicant, or in lieu thereof a cash deposit posted with the registrar. Such contractor's bond or cash deposit shall be for the benefit of (a) any person damaged as a result of a violation of this chapter by the licensee, (b) any person damaged by fraud of the licensee in the execution or performance of a contract, and (c) any employee of the licensee damaged by the licensee's failure to pay wages or fringe benefits." Neither section 7071.5, nor its companion sections which pertain to the license bond (§§ 7071.6-7071.14), prohibit the award of costs and attorneys' fees to the surety.

Appellants argue that *no matter what the circumstances* the court's discretion under Code of Civil Procedure section 386.6 is abused if any award of attorney fees is made to the surety in a case such as this. The argument is tantamount to saying that such bonds are excepted from the operation of section 386.6. However, as stated in *Stockton Theaters, Inc. v. Palermo* (1956) 47 Cal.2d 469, at page 476 [304 P.2d 7]: "The general rule is that a court is not authorized in the construction of a statute, to create exceptions not specifically made. If the statute announces a general rule and makes no exception thereto, the courts can make none."

Nonetheless, in support of their argument, appellants emphasize the small amount of the license bond. They assert that to permit Surety to deduct its costs and attorney's fees from such a small sum would allow it seriously to deplete an already inadequate fund by transferring a part of its ordinary cost of doing business to persons expressly protected under section 7071.5; they also assert that this would give the surety preferential status, in the face of section 7071.11, which expressly gives preference to the plaintiffs. Appellants ascribe to the aforementioned sections of the Business and Professions Code the character of *special statutes* which, they contend, supplant the general provisions of Code of Civil Procedure section 386.6 in these circumstances.

In assessing these contentions, we initially point out that "[c]ourts do not sit as super-legislatures to determine the wisdom, desirability or propriety of statutes enacted by the Legislature" (*Estate of Horman* (1971) 5 Cal.3d 62, 77 [95 Cal.Rptr. 433, 485 P.2d 785])—here, Code of Civil Procedure section 386.6. The statutory predecessor of the Business and Professions Code sections here involved was added by the Statutes of 1941, chapter 882, section 1. It required a cash deposit or surety bond of from $250 to $1,000 as a condition of the renewal of any suspended or revoked contractor's license and gave the wage claim of any employee of the contractor the status of a preferred claim. Code of Civil Procedure section 386.6 was enacted later, in 1955. (Stats. 1955, ch. 951, § 1.) "Courts can assume that the Legislature in enacting a statute knew the existing laws." (*Harris* v. *Alcoholic Bev. etc. Appeals Bd.* (1961) 197 Cal.App.2d 759, 767 [18 Cal.Rptr. 151].) Moreover, the aforementioned Business and Professions Code sections and the general interpleader provisions of the Code of Civil Procedure do not deal with the same subject matter. As indicated above, the Business and Professions Code sections say nothing about an interpleading party's costs and attorneys' fees and do not even refer to interpleader. (See *Warne* v. *Harkness* (1963) 60 Cal.2d 579, 588 [35 Cal.Rptr. 601, 387 P.2d 377].) There is simply no

congruence and therefore no inconsistency between the interpleader statutes and the contractor's licensing statutes.

Appellants alternatively argue that the trial court's award of attorneys' fees and costs to Surety constituted an abuse of discretion because, in opposition to Surety's motion for that award, appellants filed a stipulation for the pro rata distribution among them of the $2,500 penal sum of the bond. The contention has no merit. Obviously, appellants' stipulation among themselves did not constitute conclusive evidence binding on Surety of the legitimacy of their claims, nor did it deprive Surety of its right for its own protection to a court-determined stakeholder discharge under Code of Civil Procedure section 386 et seq.

■ We reverse the award of attorney fees, however, because it appears that the trial court improperly calculated the amount. Our reading of the interpleader statutes leads us to conclude that fees must be limited to those incurred only in pursuit of the stakeholder's remedy, whether by complaint or cross-complaint. The amended cross-complaint alleged four causes of action, but one of which was in interpleader (the others sought declaratory relief and indemnification). To the extent that fees were awarded for legal work in connection with the other three causes of action, the award was improper. We note also that the original complaint herein against the Surety was filed on April 10, 1973; it was answered on June 20, 1973, and a cross-complaint was filed on the same day, seeking declaratory relief and indemnity. Not until November 15, 1973, was the cross-complaint amended to include interpleader. Prior to November 15, attorneys' fees were incurred, as shown by a computer print-out of costs and fees incurred by Surety to its attorneys (which print-out was attached to Surety's points and authorities accompanying the § 386.6 motion) dating back to the time when it first undertook to defend the action. It is apparent to us that fees were allowed for the *entire* legal representation of Surety in the action.

To the extent that fees were allowed for legal work on the original defense and cross-complaint, the court committed error. Fees incurred for such activities as negotiations, investigation, dispute over validity of claims (or their amount), cross-complaints for affirmative relief, and the like, are not properly allowable under Code of Civil Procedure section 386.6. As above stated, the trial court, in its discretion, may allow only such fees as relate solely to the pursuit of the stakeholder remedy of

Code of Civil Procedure section 386 et seq. (including fees incurred to overcome resistance to the remedy).[1]

The order is reversed with directions to the trial court to redetermine costs and attorneys' fees in conformity with this opinion. The parties shall bear their own costs on appeal.

Puglia, P. J., concurred.

**JANES, J.,** Concurring and Dissenting.—I concur in the judgment insofar as it reverses the trial court's order and remands the case for redetermination of attorney fees and costs. The application to this case of Code of Civil Procedure section 386.6 creates obvious inequities; their repetition can be prevented only by the Legislature.

I disagree with the majority's conclusions (reached without discussion) concerning the litigation activities which the trial court may properly consider in fixing the amount of attorney fees and costs to be recovered by Surety. The trial court should not be required to limit its award to those of Surety's attorney fees and costs which are attributable to the interpleader cause of action in Surety's amended cross-complaint. Section 386.6 expressly allows the interpleading party his reasonable costs and attorney fees "incurred in such action."

The "action" mentioned in section 386.6 is not limited to an action commenced by a complaint in interpleader but includes also actions commenced against a defendant who—as here—subsequently files a cross-complaint in interpleader. (See Code Civ. Proc., §§ 386, 386.5.) In other words, section 386.6 authorizes a discretionary award of attorney fees and costs incurred in the *overall* action.

Another matter bears mention. The award of $1,061.30 is excessive in a respect not mentioned in claimants' briefs or by the majority opinion; it includes attorney fees and costs incurred by Surety not only in this action but also in other related actions. The instant action was commenced against McClaran and Surety on April 10, 1973; Surety answered and cross-complained for declaratory relief and for indemnification against McClaran on June 20, 1973. By an amended cross-complaint, an interpleader count was added November 15, 1973. In support of its subsequent motion for attorney fees and costs, Surety

---

[1]Surety has asked us for an allowance of additional fees on appeal. Exercising our discretion, we decline the request.

submitted to the court a computer print-out showing the attorney fees and costs incurred by Surety between May 23, 1973, and January 30, 1974, inclusive. The total costs ($61.34) and attorneys' fees ($928.50) shown on the print-out did not include any attributable to filing notice of, and arguing, the motion itself. The declaration of one of Surety's attorneys broadly stated that the print-out was of Surety's costs and attorneys' fees incurred "in this matter." The same attorney, however, submitted points and authorities wherein he informed the trial court that the print-out included attorneys' fees and costs incurred by Surety not only in this action but also in independent actions filed against it by claimants Rebeiro, Walters, and the Division, as well as in an independent interpleader action commenced by Surety wherein Sweeney successfully demurred on the ground that the instant action was pending. After that demurrer was sustained, Surety filed its cross-complaint in the instant case.

The computer print-out did not differentiate between Surety's attorneys' fees and costs incurred in this action and those incurred in the three independent—albeit related—actions. Nevertheless, since the court awarded $61.30 in costs and $1,000 in attorneys' fees after a hearing at which no additional evidence was submitted, the conclusion is inescapable that the court relied heavily upon the print-out and supplemented it with attorneys' fees attributable to counsel's giving notice of and argument of the motion itself. The award therefore included attorneys' fees and costs incurred by Surety in the three other actions, whereas Code of Civil Procedure section 386.6 expressly limits the award to the interpleading party's attorneys' fees and costs incurred in "such" action—i.e., the action wherein the motion under that section is made. Just as a court is not authorized to create exceptions to the operation of a statute (*Stockton Theatres, Inc.* v. *Palermo* (1956) 47 Cal.2d 469, 476 [304 P.2d 7]), likewise it is not a court's function to enlarge upon the enactment (*Kirkwood* v. *Bank of America* (1954) 43 Cal.2d 333, 341 [273 P.2d 532]).

A petition for a rehearing was denied June 24, 1976.