738 F.2d 999
 39 Fed.R.Serv.2d 944, 5 Employee Benefits Ca 2222
 CARPENTERS SOUTHERN CALIFORNIA ADMINISTRATIVE CORPORATION,
Plaintiff-Appellant,
v.
D & L CAMP CONSTRUCTION COMPANY, INC., a corporation;
Surety Company of the Pacific, a corporation,
Defendants-Appellees.
 No. 82-6050.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 6, 1983.
Decided July 23, 1984.
 
 Law offices of Richard A. Brownstein, Robert E. McFarlane, Los Angeles, Cal., for plaintiff-appellant.
 Jeffrey M. Hausman, Santa Monica, Cal., Edgar Fraser, Wadsworth, Fraser & Dahl, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before SNEED, KENNEDY, and SCHROEDER, Circuit Judges.
 SCHROEDER, Circuit Judge.
 
 
 1
 This is a suit to recover unpaid contributions to an employee benefit plan. The plaintiff-appellant, as administrator of the plan,* brought an action under section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1132, against an employer, D & L Camp Construction Company. In addition, the plaintiff sued the surety on Camp's state contractor license bond, required under California state law to protect those damaged by actions of the contractor. Cal.Bus. & Prof.Code Sec. 7071.5 (Cum.Supp.1984). The issue in this appeal is whether the district court properly dismissed the action against the surety, Surety Company of the Pacific, for lack of subject matter jurisdiction. The district court reasoned that dismissal was required because diversity of citizenship between the plaintiff and the surety did not exist, and any cause of action against the surety was founded upon state rather than federal law. We affirm.
 
 
 2
 Plaintiff contends that the district court should have exercised pendent jurisdiction over the claim against the surety. In refusing to exercise pendent party jurisdiction, however, the district court was applying a long line of cases of this circuit. They hold that under a theory of pendent jurisdiction, a state claim against a defendant may be added to a pending claim over which the court already has jurisdiction, but that pendent jurisdiction does not permit a new party to be added to a case absent an independent jurisdictional basis. Safeco Insurance Co. v. Guyton, 692 F.2d 551, 555-56 (9th Cir.1982); Munoz v. Small Business Administration, 644 F.2d 1361, 1365-66 (9th Cir.1981); Ayala v. United States, 550 F.2d 1196, 1197 (9th Cir.1977), cert. dismissed, 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978); Hymer v. Chai, 407 F.2d 136, 137-38 (9th Cir.1969); Williams v. United States, 405 F.2d 951, 954 (9th Cir.1969).
 
 
 3
 Plaintiff asks us to reconsider this court's position in the light of the Supreme Court's decision in Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). There the Court affirmed this court's denial of pendent party jurisdiction in Aldinger v. Howard, 513 F.2d 1257 (9th Cir.1975), but indicated that as a matter of discretion, pendent party jurisdiction might be available in some cases where the federal statutory scheme might permit treating the entire proceeding as "one constitutional 'case.' " Aldinger, 427 U.S. at 9, 96 S.Ct. at 2418 (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (pendent claim jurisdiction may exist when plaintiff's claims are "such that he would ordinarily be expected to try them all in one judicial proceeding ....")). This panel is precluded from such reconsideration in light of this court's repeated post-Aldinger reaffirmations of our refusal to permit pendent party jurisdiction in circumstances like this. See Safeco, 692 F.2d at 555-56; Munoz, 644 F.2d at 1365-66; Ayala, 550 F.2d at 1197.
 
 
 4
 Even if a course of reconsideration were open to us, we would not view this case as appropriate for the exercise of pendent party jurisdiction. The plaintiff argues that the case is suitable because liability of the surety automatically follows from liability of the principal. According to plaintiff, the claims against the employer and the bond involve identical issues. That, however, is incorrect. Even if the employer's liability to the plaintiff were established, the claim against the surety could create a galaxy of problems arising under California law. State issues might include compliance with the various California statutory requirements, see Cal.Bus. & Prof.Code Secs. 7071.5-7071.15 (1975 & Cum.Supp.1984), statute of limitations issues, see Regents of the University of California v. Hartford Accident & Indemnity Co., 21 Cal.3d 624, 147 Cal.Rptr. 486, 581 P.2d 197 (1978), and this claimant's position in relation to the claims of other claimants to the bond. See Sweeney v. McClaran, 58 Cal.App.3d 824, 826-27, 130 Cal.Rptr. 205, 207 (1976).
 
 
 5
 As an alternative basis for jurisdiction, plaintiff argues that the claim against the surety is one arising under federal law as a suit against an employer under section 515 of ERISA, 29 U.S.C. Sec. 1145 (1982). ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan ...." 29 U.S.C. Sec. 1002(5).
 
 
 6
 This argument as well must fail. Neither the legislative history of ERISA, see 1974 U.S.Code Cong. & Ad.News 4639, nor of its 1980 amendments, see 1980 U.S.Code Cong. & Ad.News 2918, indicate that Congress meant to expand the concept of employer or the jurisdiction of the federal courts to include sureties, whose obligations are fixed by contract and regulated by state law for the protection of the public.
 
 
 7
 The surety that provides a bond pursuant to the California contractor licensing statute is not acting for the benefit of the employer; it is acting for the benefit of those who have been damaged by the employer's failure to pay. Cal.Bus. & Prof.Code Sec. 7071.5; General Insurance Co. of America v. Superior Court of San Bernardino County, 26 Cal.App.3d 176, 183, 102 Cal.Rptr. 541, 546 (1972). The protection is aimed at a broad class of entities that deal with contractors, not, as plaintiff would have us believe, primarily as protection of employee benefit plans. Any obligation of the surety to this plaintiff is founded in state, not federal law.
 
 
 8
 Affirmed.
 
 
 
 *
 This court granted the parties' motion and stipulation to substitute the present named plaintiff, Carpenters Southern California Administrative Corp., for the original plaintiff, American Benefit Plan Administrators, Inc