Filed 9/6/16  Feldsott & Lee v. Jones CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| FELDSOTT & LEE, | B262710 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC553853) |
| v. | |
| DONNA LYNN JONES, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County.  Mel Recana, Judge.  Affirmed.

Law Office of Mark B. Plummer and Mark B. Plummer for Defendant and Appellant.

Feldsott & Lee, Martin Lee and Stanley Feldsott for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Donna Lynn Jones (Jones) appeals from the January 13, 2015 judgment of dismissal discharging plaintiff and respondent Feldsott & Lee, a Law Corporation, (Feldsott) from the underlying interpleader action and awarding $9,655 in statutory attorney fees and costs pursuant to Code of Civil Procedure section 386.6.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2012, Jones hired Feldsott to represent her in connection with an arbitration against her homeowner's association in which she contested various special assessments imposed against two units she owned in a condominium complex. Jones and Feldsott executed a written retainer agreement. The agreement provided that Jones would be responsible for paying all costs, as well as a $6,000 retainer. The fee provision further provided that "[a]ny attorneys fees recovered in excess of those charged to CLIENT by ATTORNEY shall belong to ATTORNEY as additional compensation for services rendered." Paragraph 6 of the agreement granted Feldsott a lien on any recovery.

Shortly thereafter, Jones referred another homeowner, Christine Frau, to Feldsott to join her as a coplaintiff. Jones believed that if Frau was added as a coplaintiff, Frau would execute a separate retainer with Feldsott requiring her to share in the fees and costs of the arbitration. Feldsott never disclosed or discussed any potential conflict of interest issues with Jones that might arise from the joint representation.

Frau authorized Feldsott in writing to represent her, and she was added as a coplaintiff to the action against the homeowner's association. The record does not contain a separate retainer agreement between Feldsott and Frau. Frau paid Jones $3,000 to cover half of the retainer Jones had already paid to Feldsott.

In October 2013, the arbitration was resolved in favor of Jones and Frau. Feldsott, on behalf of both Jones and Frau, submitted a petition for attorney fees and a memorandum of costs to the arbitrator. The petition sought attorney fees in the amount of $68,040 pursuant to the terms of the homeowner's association's CC&R's and Civil Code section 1354. The memorandum of costs identified arbitration costs of $12,358.52.

2

Before the arbitrator ruled on the fee request, the parties agreed to settle the amount of attorney fees and costs for a combined payment by the homeowner's association of $50,000 and execution of a stipulation and release. The two-page release identifies Jones and Frau as the petitioners who, in consideration of payment of $50,000 by the association to the "Feldsott & Lee Client Trust Account," would withdraw their pending petition for fees and costs and release the association from any further claim for fees and costs related to the arbitration. The agreement is signed by Jones, Frau, and a representative of the association, and also approved as to form by Feldsott and the association's attorney.

The $50,000 settlement amount included the full amount of requested arbitration costs ($12,358.52) and a compromised amount of the requested attorney fees ($37,641.48).

Upon receipt of the $50,000 check, Feldsott placed $16,637.50 into its client trust account. Feldsott took the remainder as attorney fees in accordance with the terms of the retainer agreement with Jones. The $16,637.50 held in trust represented the following fees and costs: $6,000 as reimbursement for the retainer paid at the outset of the representation, plus the $12,358.52 in arbitration costs, less $1,721.02 in costs that Feldsott had advanced during the course of the arbitration.

Jones advised Feldsott that she expected the entire $16,637.50 be released to her, and refused Feldsott's request that Frau's consent be obtained for such a distribution. Feldsott was unable to reach an agreement with Jones and Frau as to the proper distribution of the funds. Feldsott therefore filed a complaint for interpleader in Orange County Superior Court. The complaint alleged the disputed amount of $16,637.50, that Jones and Frau were the two claimants to the disputed funds, and that Feldsott disclaimed any interest in the amount. Feldsott deposited $16,637.50 with the clerk of the court.

Feldsott attempted to minimize the costs associated with service of the complaint by requesting Jones and Frau to voluntarily accept service of process by mail. Frau accepted service, admitted the allegations of the interpleader complaint, and claimed an interest in $3,000 of the disputed funds.

3

Jones, who is also an attorney, refused to accept service. Feldsott made repeated efforts over four months to serve Jones with the complaint, including with the assistance of an investigator. After service was finally effectuated, Jones brought a motion to quash service which was denied, as well as a motion to transfer the action to Los Angeles Superior Court which was granted. Jones eventually answered the interpleader complaint and filed a cross-complaint against Feldsott alleging legal malpractice, breach of fiduciary duty, and conversion.

In response, Feldsott prepared a demurrer and motion to strike the cross-complaint as improper in the interpleader action, and served it on Jones along with a letter advising that if the cross-complaint was not withdrawn, Feldsott would move for sanctions pursuant to Code of Civil Procedure section 128.7. Jones dismissed her cross-complaint without prejudice. Jones then filed a separate action restating her claims against Feldsott, which action is apparently still pending in Orange County Superior Court.

Feldsott filed a motion to be discharged from the interpleader action. The motion requested an award of statutory fees and costs pursuant to Code of Civil Procedure section 386.6. Jones opposed the motion for discharge, arguing, among other things, that the remedy of interpleader was not proper and that Feldsott had breached various duties to her and was not entitled to any fees. Jones argued she had incurred costs of $25,807.50, including several thousand dollars in expert fees, and that Feldsott failed to consult with her during the settlement negotiations about the amount of costs she had incurred and for which she was due reimbursement. She also argued that interpleader was improper because Feldsott had not interpled all of the disputed funds, but had wrongfully withheld and paid itself monies to which it was not entitled because of the breaches of duty it had committed against her during the representation. Jones argued that the dispute over the larger sum of money precluded a finding that Feldsott was a truly disinterested party entitled to the remedy of interpleader.

Feldsott argued that Jones's contention she was owed additional monies did not defeat the remedy of interpleader as to the $16,637.50 in which Feldsott had no interest. Feldsott also argued that Jones's claim of additional costs owing was invalid because the

4

expert consultant fees were incurred by Jones on her own in connection with a construction defect action she was considering against the homeowner's association, and were not part of the costs related to the arbitration over the special assessments.

Prior to the hearing on Feldsott's motion to dismiss, Frau disclaimed her interest in any of the interpled funds.

The trial court granted Feldsott's motion. The first paragraph of the order reads as follows: "The motion is GRANTED. Plaintiff is dismissed. Plaintiff is entitled to its costs and attorney's fees in the amount of $9655. The balance is to be distributed to defendant Jones." Jones moved for reconsideration, which was denied.

This appeal followed. Instead of designating a clerk's and/or reporter's transcript, Jones demanded the preparation of a settled statement. Efforts to agree on a settled statement in the trial court were unsuccessful. Jones eventually prepared an appendix, and Feldsott designated additional documents in a respondent's appendix. Many of the documents in Jones's appendix, including discovery documents from Jones's pending malpractice action against Feldsott, are irrelevant and improper and have been disregarded.

Feldsott filed a request for judicial notice and a motion for sanctions in this court. Jones filed opposition to the motion for sanctions.

## DISCUSSION

1. **The Order Discharging Feldsott From the Interpleader Action and Awarding Attorney Fees and Costs Is Appealable.**

Feldsott contends Jones's appeal is limited to challenging the propriety of the judgment of dismissal in Feldsott's favor, and does not include the trial court's award of statutory fees and costs. We disagree. Jones's notice of appeal identified that it is from the judgment of dismissal dated January 13, 2015. The order of discharge granting Feldsott's motion was signed by the court and is effective as a judgment of dismissal pursuant to Code of Civil Procedure section 581d. The order also awarded attorney fees and costs to Feldsott as the prevailing party on the motion pursuant to section 386.6. The fee order was not a separate order issued subsequent to the judgment of dismissal, but

5

was part and parcel of the January 13, 2015 order identified in Jones's notice of appeal. The order of discharge and award of attorney fees and costs is appealable. (*Southern California Gas Co. v. Flannery* (2014) 232 Cal.App.4th 477, 490 (*Southern California Gas*); accord, *Sweeney v. McClaran* (1976) 58 Cal.App.3d 824, 827-828.)

**2.      The Interpleader Action Was Proper.**

Code of Civil Procedure section 386, subdivision (b) provides, in relevant part that "[a]ny person, firm, corporation, association or other entity against whom double or multiple claims are made, or may be made, by two or more persons which are such that they may give rise to double or multiple liability, may bring an action against the claimants to compel them to interplead and litigate their several claims." The enactment of section 386 broadened the scope of the interpleader remedy, eliminating many of the limitations imposed by the common law. (*City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1122-1123 (*City of Morgan Hill*).)

" 'Interpleader is an equitable proceeding by which an obligor who is a mere stakeholder may compel conflicting claimants to money or property to interplead and litigate the claims among themselves instead of separately against the obligor. . . .' [Citation.]" (*Southern California Gas*, *supra*, 232 Cal.App.4th at p. 486.) "The true test of suitability for interpleader is the stakeholder's disavowal of interest in the property sought to be interpleaded, coupled with the perceived ability of the court to resolve the entire controversy as to entitlement to that property without need for the stakeholder to be a party to the suit." (*Pac. Loan Management Corp. v. Superior Court* (1987) 196 Cal.App.3d 1485, 1489-1490.) The right to pursue interpleader as a remedy is premised on an individual or entity being " 'threatened with double vexation in respect to one liability.' [Citation.]" (*City of Morgan Hill*, *supra*, 71 Cal.App.4th at p. 1122.)

"In an interpleader action, the court initially determines the right of the plaintiff to interplead the funds; if that right is sustained, an interlocutory decree is entered which requires the defendants to interplead and litigate their claims to the funds. Upon an admission of liability and deposit of monies with the court, the plaintiff then may be discharged from liability and dismissed from the interpleader action." (*Dial 800 v.*

6

*Fesbinder* (2004) 118 Cal.App.4th 32, 42-43.) "Thus, the interpleader proceeding is traditionally viewed as two lawsuits in one. The first dispute is between the stakeholder and the claimants to determine the right to interplead the funds. The second dispute to be resolved is who is to receive the interpleaded funds." (*Id*. at p. 43.)

We review the superior court's legal conclusions de novo and its findings of fact for substantial evidence. (See generally, *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 384.)

Jones's primary basis for arguing that the court erred in allowing Feldsott to proceed with the interpleader is her contention that Feldsott was not a disinterested stakeholder because it did not interplead all of the disputed funds. Jones argues that she was entitled to reimbursement of more costs from the $50,000 settlement and that Feldsott was not entitled to any fees at all because of its breach of various duties to her during the representation. These are the same claims on which Jones based her cross-complaint against Feldsott that she dismissed and her separate civil action which she is still pursuing.

A defendant in an interpleader action may not enlarge the issues by the filing of a cross-complaint against the plaintiff seeking affirmative relief. (*Conner v. Bank of Bakersfield* (1917) 174 Cal. 400, 403; 4 Witkin, Cal. Procedure (5th ed. 2008) Pleadings, § 249, p. 328 [a defendant in interpleader "cannot, by cross-complaint, change the character of the action by setting up a new and distinct claim against the plaintiff. That claim must be asserted in a separate action."].)

Jones has a remedy for the alleged torts she asserts against Feldsott. She is pursuing that remedy by way of a separate civil action. However, she has not shown any basis for a denial of the remedy of interpleader as to the $16,637.50 in disputed funds disclaimed and deposited by Feldsott. None of her arguments demonstrate that Feldsott was not a disinterested stakeholder as to the $16,637.50 in funds deposited with the court as to which both Jones and Frau claimed an interest.

### 3.     The Award of Fees and Costs to Feldsott Was Proper.

The court awarded Feldsott statutory fees and costs related to the filing of the interpleader complaint in the amount of $9,655.  "A party to an action who follows the procedure set forth in [Code of Civil Procedure] Section 386 . . . may insert in his motion, petition, complaint, or cross complaint a request for allowance of his costs and reasonable attorney fees incurred in such action.  In ordering the discharge of such party, the court may, in its discretion, award such party his costs and reasonable attorney fees from the amount in dispute which has been deposited with the court."  (§ 386.6, subd. (a).)  Further, the statute provides that "[a] party shall not be denied the attorney fees authorized by subdivision (a) for the reason that he is himself an attorney, appeared in pro se, and performed his own legal services."  (*Id.*, subd. (b).)

In order to obtain an award of fees and costs under Code of Civil Procedure section 386.6, an interpleader plaintiff must comply with the statutory requirements, including "disavowing any interest in the amount being interpleaded, depositing that amount with the court, and seeking and obtaining a discharge from liability."  (*Southern California Gas*, *supra*, 232 Cal.App.4th at p. 490.)

Here, Feldsott complied with the statutory requirements.  By statute, Feldsott was entitled to seek an award of fees and costs associated with bringing the interpleader action to be paid from the funds on deposit.  (Code Civ. Proc., § 386.6.)

Jones argues the law is well established that an attorney who has committed ethical violations, including disregarding conflicts of interest that infect the entire attorney-client relationship, is not entitled to *any* fees, even on a quantum meruit basis.  Therefore, she posits that *any* award in any amount was improper.  But the issue of whether Feldsott committed malpractice or is guilty of any ethical violations as Jones claims was not before the trial court.

The record before the trial court amply supports an award of statutory fees and costs.  Jones did not present evidence challenging the reasonableness of the fees and costs sought.  And, the amount ultimately awarded to Feldsott was dictated in large part by Jones's own litigation tactics that increased the fees and costs Feldsott incurred, including

8

her refusal to accept service of process, moving to quash service, moving to transfer the action to Los Angeles, and filing an improper cross-complaint in response to which Feldsott had to prepare a demurrer. Jones has failed to affirmatively demonstrate that the amount of fees and costs awarded by the trial court pursuant to Code of Civil Procedure section 386.6 amounted to an abuse of discretion.

**4.     Other Requests**

Feldsott filed a motion requesting sanctions, contending Jones's appeal was frivolous. Feldsott also asked us to take judicial notice of documents we find to be irrelevant. We deny both requests.

## DISPOSITION

The superior court's January 13, 2015 judgment of dismissal and award of attorney fees and costs in favor of plaintiff and respondent Feldsott & Lee is affirmed. Feldsott & Lee is entitled to costs of appeal.


                                                    GRIMES, J.

        WE CONCUR:


                        BIGELOW, P. J.



                        RUBIN, J.


9