Filed 4/21/26  Montecito Bank & Trust v. Colosi CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MONTECITO BANK & TRUST,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THERESA COLOSI,<br><br>    Defendant and Appellant,<br><br>CHRISTIAN A. GUIER et al,<br><br>    Defendants and Respondents, | 2d Civ. No. B340069<br>(Super. Ct. No. 22CV04591)<br>(Santa Barbara County) |

Theresa Colosi appeals from various orders issued in this interpleader action.  We will affirm.

### SUMMARY OF FACTS AND PROCEEDINGS

Respondent Montecito Bank & Trust (Montecito) is a community bank with headquarters in Santa Barbara.  Appellant is a local resident and an account holder at Montecito.

Appellant is involved in a custody dispute with respondent Christian Guier, the father of her minor son.  She was convicted of criminal charges related to an assault on the court ordered visitation supervisor, Cynthia Hann.  Her appeal in that criminal case is currently pending before this court.

Appellant used the funds in her Montecito accounts to purchase cashier's checks totaling $1,345,454.33 before the confrontation.  She fled afterward to Whitefish, Montana on a chartered plane.  The Whitefish Police Department seized the checks when it arrested appellant.  The Santa Barbara County District Attorney requested the police retain the checks as evidence for the criminal case against appellant.

Appellant requested access to her deposits with Montecito after her arrest.  Montecito declined to release any money because the checks remained outstanding.  Guier likewise sought access to the money to satisfy a large support order issued in Santa Clara County.  Confronted with competing claims, Montecito filed this interpleader action.  It named appellant, Guier, Hann, and Kevin Hutcheson as defendants and deposited the funds with the court in April 2023.[1]

Appellant sought a permanent injunction, alleging Montecito "violated, and continues to violate, [appellant's] protections against unlawful search and seizure as guaranteed under the 4th Amendment of the U.S. Constitution and her financial privacy rights as guaranteed by the California Right to

[1] Montecito named but later dismissed the County of Santa Barbara as a defendant.  It substituted Hann into the case as a Doe defendant.  The record does not reflect Hutcheson was added as a party.  According to Hann's trial brief, Hutcheson rendered services to appellant and Guier's minor child.

2

Financial Privacy Act. ([Gov. Code, §] 7460 et seq).”[2] The record does not include Montecito's opposition to the injunction request or the trial court's ruling.

The trial court later heard Montecito's "Motion for Discharge of Liability and Award of Costs and Fees" on October 13, 2023. The record does not contain the motion or any opposition. A written order dated November 1, 2023, however, confirms the court granted the motion. It discharged Montecito from the case, voided the outstanding cashier's checks, and awarded Montecito $34,571.63 as costs and reasonable attorney's fees.

The court held a court trial on the defendants' competing claims in June of 2024. Appellant offered no evidence. The court granted each claimant's requested relief in separate orders filed on June 10, 2024, June 26, 2024, and July 16, 2024. It awarded Hutcheson $152,899.98. It awarded Guier $451,774.15 and ordered $150,000 remain in trust as security for child support arrears pending calculation in Santa Clara County. The court referred to a separate order issued in Hann's personal injury case prohibiting Montecito from distributing the remaining interpleaded funds to appellant.

DISCUSSION

*Interpleader*

"Any person, firm, corporation, association or other entity against whom double or multiple claims are made, or may be made, by two or more persons which are such that they may give rise to double or multiple liability, may bring an action against

---

[2] The record includes only the notice of motion. It does not include the "attached Statement of Affirmative Defense of Theresa Colosi" referenced in the notice.

the claimants to compel them to interplead and litigate their several claims." (Code Civ. Proc.,[3] § 386, subd. (b).) The plaintiff filing an interpleader action may deposit the subject funds "with the clerk of the court at the time of the filing of the complaint or cross-complaint in interpleader without first obtaining an order of the court therefor." (*Id.*, subd. (c).)

A plaintiff who files an interpleader complaint and deposits the disputed funds with the clerk pursuant to the statutory procedure may request costs and attorney's fees which, upon discharge of the plaintiff, the court may award payable from the funds deposited with the court. (§ 386.6, subd. (a).)

*Appealability*

An appeal may be taken "[f]rom a judgment except an interlocutory judgment . . . ." (§ 904.1, subd. (a)(1).) "A judgment is the final determination of the rights of the parties in an action or proceeding." (§ 577; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.) A notice of appeal must be filed on or before the earliest of 60 days after receiving notice of entry of the order or 180 days of entry of the order. (Cal. Rules of Court, rule 8.104(a).)

The November 1, 2023 order discharging Montecito and awarding costs and fees was an appealable order. (*Southern California Gas Co. v. Flannery* (2014) 232 Cal.App.4th 477, 490; *Sweeney v. McClaran* (1976) 58 Cal.App.3d 824, 827-828.) Appellant filed her notice of appeal in August of 2024. The notice identifies the June 10, 2024, June 26, 2024, and July 16, 2024 orders. Her arguments in briefing regarding Montecito's alleged violation of her constitutional and financial privacy rights,

---

[3] All unmarked statutory cites are to the Code of Civil Procedure.

however, appear to challenge the discharge order. We lack jurisdiction to decide these belated challenges. (See *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["[O]nce the deadline expires, the appellate court has no power to entertain the appeal."].) Moreover, "[a]s against the stakeholder [Montecito], claimants may raise only matters which go to whether the suit is properly one for interpleader, i.e., whether the elements of an interpleader action are present." (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 612; *Conner v. Bank of Bakersfield* (1920) 183 Cal. 199, 203.) We will dismiss the appeal as to Montecito.

The transcript of the oral proceedings below refers to the court preparing a final judgment but none appears in the record. A June 10 minute order states the court granted the relief requested by Guier, Hann and Hutcheson and directed them to prepare proposed orders "so that distributions can be made."[4] That order is not a final order and therefore is not appealable. The June 26 and July 16 orders regarding distribution and disposition of the interpleaded funds are appealable as they disposed of all claims to those funds.

*Appellant's Contentions*

Appellant argues the trial court lacked personal jurisdiction and venue was improper. There is no record she raised these claims in the trial court. They are therefore waived. (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8 [appearing

---

[4] The June 10, 2024 minute order states the court granted Montecito's motion to quash subpoenas of Rafael Gonzalez and Dan McGrew. Appellant makes no mention of the subject matter of this order so we must assume she is not challenging it or she has forfeited any challenge.

and participating in the trial court proceedings waives any objection to personal jurisdiction]; *Tidrick v. FCA US LLC* (2025) 112 Cal.App.5th 1147, 1157 [failing to object to plaintiff's venue choice waived any alleged defect].)

Appellant contends Montecito lacked standing.  As discussed *ante*, we have no jurisdiction to consider appellant's challenges to Montecito's standing or to the discharge order because of her untimely notice of appeal.  Similarly, because the discharge order disposed of any claim against Montecito, we have no jurisdiction to consider appellant's claim that Montecito violated her privacy and constitutional rights.  "The effect of such an order is to preserve the fund, discharge the stakeholder from further liability, and to keep the fund in the court's custody until the rights of the potential claimants of the monies can be adjudicated."  *Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 43 (*Fesbinder*).)

Appellant also asserts the trial court did not have subject matter jurisdiction.  "The lack of subject matter jurisdiction cannot be waived and may be raised at any time, even for the first time on appeal."  (*Alliance for California Business v. State Air Resources Bd.* (2018) 23 Cal.App.5th 1050, 1060.)  The trial court had subject matter jurisdiction of this interpleader action.  (*Fesbinder*, *supra*, 118 Cal.App.4th at p. 42; § 386, subd. (b).)

With respect to any of appellant's remaining claims, we conclude she has not carried her burden of showing error.  There are "three fundamental principles of appellate review:  (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error."  (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)  As we have noted, the record

6

is incomplete, missing many relevant documents.  The records we do have do not support any claimed error.[5]

Appellant's brief also contains numerous unsupported factual assertions.  (See *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620 [determining appellant "forfeited any argument that the challenged orders were erroneously issued" because appellant "failed to appropriately cite the record"].)

DISPOSITION

The appeal as to Montecito Bank & Trust is dismissed.  The trial court's orders are affirmed.  Respondents may recover their costs on appeal.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

---

[5] We granted appellant's first three motions to augment the record.  Appellant filed a fourth motion to augment the record on November 4, 2025 seeking to include a post-appeal motion filed in the trial court.  The motion is denied.  (See *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [reviewing courts generally will consider only matters which were part of the record at the time the judgment or order being appealed was entered].)

Donna D. Geck, Judge
Superior Court County of Santa Barbara
_____

Theresa Colosi, in pro. per., for Defendant and Appellant.

Mullen & Henzell, Rafael Gonzalez and Andrew M. Cox, for Plaintiff and Respondent Montecito Bank & Trust.

Christian A. Guier, in pro. per, for Defendant and Respondent Christian A. Guier.

McCarthy & Kroes, R. Chris Kroes and William P. Frusetta, for Defendant and Respondent Cynthia M. Hann.